**Paul B. OWENS, Appellant,**

v.

**Robert D. SHANNON, Brenda L. Wildenstein and Donald E. Williamson.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 6, 2002.

Decided Oct. 10, 2002.

Paul B. Owens, Albion, for appellant.

Timothy I. Mark, Camp Hill, for appellee.

Before McGINLEY, Judge, PELLEGRINI, Judge, McCLOSKEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Paul B. Owens (Owens) appeals *pro se* from an order of the Court of Common Pleas of Schuylkill County (trial court) dismissing his complaint for failure to state a claim upon which relief may be granted.

Owens is currently incarcerated in the Pennsylvania State Correctional Institution at Albion (SCI–Albion). On February 21, 2002, he filed a complaint with the trial court asserting that he was denied his First and Fourteenth Amendment rights under the United States Constitution [1] when he was given a demotional transfer from the State Correctional Institution at Mahanoy (SCI–Mahanoy), to SCI–Albion which was further from his home, in retaliation for letters he wrote to various newspapers. Specifically, he alleged that while incarcerated at SCI–Mahanoy in Schuylkill County—approximately 50 miles from his Harrisburg home in Dauphin County—on December 3, 2001, Brenda L. Wildenstein (Wildenstein), a Unit Manager employed by the Pennsylvania Department of Corrections (Department) at SCI–Mahanoy, informed him that he would be given a demotional transfer to SCI Albion in Erie County which was more than 300 miles from Harrisburg.[2] He claimed that Wildenstein told him he was being transferred to SCI–Albion in retaliation for writing letters to the editors of more than 60 Pennsylvania newspapers detailing the expenses of the Pennsylvania prison system and for filing grievances against staff of the Department. Owens alleged that although he had not violated any institutional rules or regulations that would warrant a demotional transfer, he was transferred to SCI–Albion and his security level was increased from a CL–2 to a CL–3, even though he had not received any misconduct reports. Owens sought damages from each of the three defendants in equal amounts of $40,000, for a total of $120,000, along with a court order directing that he

---

1. The First Amendment to the United States Constitution provides:
   Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.
   The Fourteenth Amendment to the United States Constitution provides in relevant part:
   Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the law.

2. Owens also named as defendants Robert D. Shannon (Shannon), Superintendent of SCI–Mahanoy and Donald L. Williamson (Williamson), Coordinator/Diagnostic & Classification Officer for the Department at Central Office. He alleged that Shannon accepted the recommendations of Wildenstein and Shannon to transfer him from SCI–Mahanoy to SCI–Albion.

be placed in an institution as close as possible to his legal residence in Harrisburg.

The trial court, *sua sponte*, dismissed Owens' complaint based on two reasons: first, utilizing Section 6602(e)(2) of the Pennsylvania Prisoner Litigation Reform Act (PLRA), 42 Pa.C.S. § 6602(e)(2),[3] the trial court found that Owens' complaint did not state a cause of action for monetary damages because the defendants were entitled to assert a valid affirmative defense of sovereign immunity to prison conditions litigation, and Owens' allegations did not fall within any of the recognized exceptions to sovereign immunity under 42 Pa.C.S. § 8522.[4] Second, it found that his complaint did not state of cause of action for his requested relief of a transfer to an institution closer to his legal residence be-

cause not only did prisoners not have a right to be placed in a particular prison, but his request was not within the jurisdiction of the trial court. The trial court explained that Owens was not sentenced through the auspices of the trial court of Schuylkill County, and his only nexus with that court was that he happened to be imprisoned at SCI–Mahanoy in Schuylkill County prior to his transfer to SCI–Albion, where he was currently incarcerated. This appeal by Owens followed.[5]

▮ On appeal, Owens contends that the trial court erred in holding that the Department was immune from a Section 1983 cause of action because he was transferred from one prison to another solely for exercising his First Amendment rights.[6] In determining that Owens could

3. 42 Pa.C.S. § 6602(e)(2) provides:

(e) Dismissal of litigation. Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:

\* \* \*

(2) The prison conditions litigation is frivolous or malicious, or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, *including immunity, which, if asserted, would preclude the relief.* (Emphasis added.)

4. The nine exceptions to sovereign immunity under 42 Pa.C.S. § 8522 are: 1) vehicle liability; 2) medical-professional liability; 3) care, custody or control of personal property; 4) Commonwealth real estate highways and sidewalks; 5) potholes and other dangerous conditions; 6) care, custody and control of animals; 7) liquor store sales; 8) National Guard activities; and 9) toxoids and vaccines.

5. Our scope of review of the trial court's order in *sua sponte* dismissing the complaint is plenary because the trial court dismissed Owens' complaint for failure to state a cause of action upon which relief may be granted. *Lobolito, Inc. v. North Pocono School District*, 562 Pa. 380, 755 A.2d 1287 (2000).

6. While nowhere in his complaint did Owens specifically allege that he was bringing his action under 42 U.S.C. § 1983, which allows a citizen to challenge conduct by a state official whom he claims has deprived him of his civil rights, *Robles v. Pennsylvania Department of Corrections*, 718 A.2d 882 (Pa.Cmwlth. 1998), Owens' complaint sounds in a Section 1983 action. Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured ...

To state a claim under Section 1983, a plaintiff must 1) allege a violation of rights secured by the United States Constitution and the laws of the United States, and 2) show that the alleged deprivation was committed by a person acting under the color of state law. *Anelli v. Arrowhead Lakes Community Association, Inc.*, 689 A.2d 357 (Pa.Cmwlth.1997). Owens has made out a prima facie claim under Section 1983 because he has alleged that prison officials deprived him of his constitutional rights.

not maintain his action against the defendants in their official capacities, the trial court relied on Section 6602(e)(2) of the PLRA to conclude that he could not maintain his action for monetary damages because prison officials acting in their official capacity were immune from suit as the conduct alleged did not fall within any of the exceptions to sovereign immunity contained in the Sovereign Immunity Act at 42 Pa.C.S. § 8522. However, in *Murtagh v. County of Berks*, 535 Pa. 50, 634 A.2d 179 (1993), our Supreme Court explained that while the United States Supreme Court had affirmed the duty of state courts to entertain Section 1983 actions except where a valid excuse existed, citing *Howlett v. Rose*, 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990), it stated that a state-law sovereign immunity defense was not available in a Section 1983 action brought in a state court that had jurisdiction when that defense would not be available if the action had been brought in federal court. In *Heinly v. Commonwealth*, 153 Pa.Cmwlth. 599, 621 A.2d 1212 (1993), this Court explained:

[A] state may not lessen the availability of Section 1983 by taking any action purportedly frustrating its application. In *Howlett v. Rose*, [citation omitted] ... the United States Supreme Court disabused states of any notion that they or its courts could take any action that would alter the parameters of Section 1983 ...

Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. Section 1983 ... cannot be immunized by state law. A construction of the federal statute which permitted a

state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the constitution insures that the proper construction may be enforced.

*Id.* at 1215–1216. Consequently, the trial court erred in analyzing Owens' Section 1983 claim under Section 6602(e)(2) of the PLRA because a state sovereign immunity analysis has no place in Section 1983 actions.[7]

■ As to Owens' request for a transfer back to SCI Mahonoy, the trial court gave two reasons why it was denying his request: first, because prisoners did not have a right to be placed in a particular prison or transferred to a particular prison, and second, because the trial court lacked jurisdiction to order the transfer because to do so would "usurp the authority of the Bureau of Corrections in the transfer of prisoners within the state correctional system." (Trial court opinion at 4.) However, neither reason is valid because "a transfer in retaliation for an inmate's exercises of his First Amendment right to free speech states a cause of action under 42 U.S.C. § 1983," *Castle v. Clymer*, 15 F.Supp.2d 640 (E.D.Pa.1998), and the state can order officials to take corrective action to remedy a violation of a constitutional or federal right. Therefore, the trial court could order that an inmate be transferred to another prison if it determined that the demotional transfer was retaliatory in violation of the prisoner's constitutional rights. Because the trial court as a state court had jurisdiction to hear a Section 1983 action and could have

---

7. There may be certain immunity defenses available under a Section 1983 cause of action, but because they were not discussed by the trial court as a reason for dismissing the action, we will not address those issues. *See e.g. Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358,

116 L.Ed.2d 301 (1991); *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); and *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

ordered the transfer of Owens as a form of relief for violation of his constitutional rights if it determined his rights were violated, Owens' complaint was not frivolous.

■ Accordingly, we vacate the trial court's order, reinstate Owens' complaint, and remand the matter to the trial court to consider Owens' Section 1983 action.[8]

Judge McGINLEY dissents.

### ORDER

AND NOW, this *10th* day of *October*, 2002, the order of the Court of Common Pleas of Schuylkill County is vacated and Owens' complaint is reinstated. The case is remanded to the trial court to consider the complaint filed by Paul B. Owens under 42 U.S.C. § 1983.

Jurisdiction relinquished.

---

8. Where a prisoner makes a claim for money damages and injunctive relief under Section 1983, the claim remains in the trial court, but if the claim is only for injunctive relief, the claim remains with this Court in our original jurisdiction. *See Buehl v. Horn,* 761 A.2d 1247 (Pa.Cmwlth.2000).