IN THE COMMONWEALTH COURT OF PENNSYLVANIA

La-Qun R. Williams,                          :
                    Appellant               :
                                            :
        v.                                  : No. 1149 C.D. 2016
                                            : Submitted: December 16, 2016
Tracy Shawley                               :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                      FILED: January 5, 2017


        La-Qun R. Williams (Williams), a state prisoner, appeals *pro se* from

the order of the Court of Common Pleas of Greene County (trial court) dismissing

his action with prejudice *sua sponte* pursuant to Section 6602(e) of Pennsylvania's

Prison Litigation Reform Act (PLRA), 42 Pa.C.S. § 6602(e),[1] because his prison

---

[1] 42 Pa.C.S. § 6602(e) provides, in pertinent part,

> **(e) Dismissal of litigation.--**Notwithstanding any filing fee which
> has been paid, the court shall dismiss prison conditions litigation at
> any time, including prior to service on the defendant, if the court
> determines any of the following:
>
> * * *
>
> (2) The prison conditions litigation is frivolous or malicious
> or fails to state a claim upon which relief may be granted. . . .

**(Footnote continued on next page…)**

conditions litigation failed to state a claim upon which relief may be granted.[2] Because Appellee, through his or her counsel, the Office of Attorney General (OAG), concede that his complaint properly pleads actionable claims for relief, we vacate and remand.

Williams is incarcerated at the State Correctional Institution at Greene (SCI-Greene).  He filed a complaint seeking damages for personal property that certain conspiring officers of the Department of Corrections (Department) at SCI-Greene had lost, damaged or destroyed in retaliation for his filing of grievances and litigation.[3]  Appellee filed an Answer and New Matter to Williams' complaint. The trial court then *sua sponte* dismissed Williams' action with prejudice because it found that the complaint failed to set forth a cause of action.  Williams then filed this appeal.[4]

---

**(continued…)**

42 Pa.C.S. § 6601 defines "Prison conditions litigation" as "[a] civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison."

[2] Williams also filed a motion for preliminary injunction, which is not currently on appeal before this Court.

[3] The facts pled in Williams' complaint give rise to an action under 42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must 1) allege a violation of rights secured by the United States Constitution and/or the laws of the United States, and 2) show that the alleged deprivation was committed by a person acting under color of state law.  *Anelli v. Arrowhead Lakes Community Association, Inc.*, 689 A.2d 357 (Pa. Cmwlth. 1997).

[4] Our scope of review of the trial court's order is plenary where the trial court dismisses a complaint *sua sponte* for failure to state a cause of action upon which relief may be granted. *Owens v. Shannon,* 808 A.2d 607, 609 n.5 (Pa. Cmwlth. 2002).

On appeal, Williams contends that the trial court erred by *sua sponte* dismissing his action because his complaint does set forth facts that support the causes of action pled. Appellee did not file a brief but instead, through his or her counsel, the OAG, filed a letter with the court stating that "Williams has properly pleaded a violation of his federal civil rights by the confiscation of his personal property by certain of the appellee[s] in expressed retaliation for his filing of grievances and litigation on the face of his pleading. Consequently, he has properly pleaded a claim against certain of the appellees to engage in a conspiracy whose object was such retaliation."[5] After reviewing the pleadings in his complaint, we agree with the Appellee's assessment.

Accordingly, we vacate the trial court's order, reinstate Williams' complaint, and remand the matter to the trial court for further proceedings consistent with this opinion.

_____
DAN PELLEGRINI, Senior Judge

---

[5] Letter dated November 18, 2016, from Kemal Alexander Mericli, Senior Deputy Attorney General, to Michael Krimmel, Chief Clerk, Commonwealth Court of Pennsylvania.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

La-Qun R. Williams,                           :
                    Appellant                 :
                                              :
            v.                                : No. 1149 C.D. 2016
                                              :
Tracy Shawley                                 :


**O R D E R**


AND NOW, this 5<u>th</u> day of  January, 2017, it is hereby ordered that the Court of Common Pleas of Greene County's order dated January 27, 2016, is vacated and La-Qun R. Williams' complaint is reinstated.  The case is remanded to the Court of Common Pleas of Greene County for further proceedings consistent with this opinion.


            Jurisdiction relinquished.


                                _____
                                DAN PELLEGRINI, Senior Judge