# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Russell Scott Shick, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 608 M.D. 2016 |
| | : | Submitted: July 20, 2018 |
| Michael R. Clark, Superintendent, | : | |
| individually and collaterally, Melinda | : | |
| L. Adams, Deputy Superintendent, | : | |
| individually and collaterally, | : | |
| Carl Franz, Deputy Superintendent, | : | |
| individually and collaterally, Michelle | : | |
| Tharp, Grievance Coordinator, | : | |
| individually and collaterally, Roni | : | |
| Martucci, former Grievance Coordinator,: | | |
| individually and collaterally, Diana | : | |
| Woodside, Director of Policy and | : | |
| Legislation, individually and collaterally,: | | |
| Christine Zirkle, former CHCA, | : | |
| individually and collaterally, Michael | : | |
| Edwards, CHCA, individually and | : | |
| collaterally, Valerie Kusiak, former | : | |
| CHCA, individually and collaterally, | : | |
| Lisa Linder, R.N.S., individually | : | |
| and collaterally, | : | |
| Respondents | : | |

**BEFORE:**   **HONORABLE P. KEVIN BROBSON, Judge**
**HONORABLE PATRICIA A. McCULLOUGH, Judge**
**HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge**


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  February 21, 2019**

Before the Court in our original jurisdiction are the preliminary objections of Respondents in this action, who are employees of the Commonwealth of Pennsylvania, Department of Corrections (Department), to a Complaint in Civil Action for Constitutional Rights Violations (Complaint) filed by Russell Scott Shick (Shick).[1]  For the reasons that follow, we sustain Respondents' preliminary objections based on lack of sufficiency of pleading and failure to state a claim upon which relief may be granted, and we dismiss Shick's Complaint with prejudice.

In the Complaint, Shick baldly challenges the constitutionality of the Department's grievance procedure and seeks:  (1) monetary relief; (2) the removal of Respondents from their positions; (3) declaratory relief in the form of this Court holding that Department policy DC-ADM 804 is unconstitutional; and (4) relief in the form of this Court directing the Department to replace DC-ADM 804 with a new grievance policy.  Shick asserts that DC-ADM 804 is unconstitutional, arguing that it "supplants" both state and federal laws.[2]  (Complaint ¶ N.)  The actual causes of

---

[1] While Shick titled his initial filing as a "Complaint in Civil Action for Constitutional Rights Violations," he should have filed a petition for review in our original jurisdiction, as a petition or review is the pleading utilized to commence an action against the Commonwealth and its officers pursuant to Chapter 15 of the Pennsylvania Rules of Appellate Procedure.  For ease of reference, however, we will continue to refer to Shick's filing as the Complaint.

The caption of the Complaint named the following Department employees:  (1) Michael R. Clark (Clark); (2) Melinda L. Adams (Adams); (3) Carl Franz (Franz); (4) Michelle Tharp (Tharp); (5) Roni Martucci (Martucci); (6) Diana Woodside (Woodside); (7) Christine Zirkle (Zirkle); (8) Michael Edwards (Edwards); (9) Valerie Kusiak (Kusiak); and (10) Lisa Linder (Linder).  The Complaint, however, only includes averments against Clark, Adams, Tharp, Martucci, and Franz.  Beyond the Department employees listed above, the Complaint also mentions two other Department employees not listed in the caption:  (1) Karla Webb (Webb); and (2) John Tiller (Tiller).

[2] We note that Shick fails to identify any state or federal laws purportedly violated by the implementation and continued use of DC-ADM 804, with the exception of a reference to 18 U.S.C. § 241 (pertaining to conspiracy against rights) and 18 U.S.C. § 242 (pertaining to deprivation of

2

action that Shick attempts to assert, however, are unclear.  Shick may be attempting to assert a cause of action under 42 U.S.C. § 1983,[3] as he seeks monetary damages and asserts that Respondents have committed constitutional/civil rights violations through their continued enforcement of this purportedly unconstitutional policy. (*Id.* ¶ O.)   Shick also may be attempting to assert a cause of action seeking declaratory judgment that the Department's grievance system is unconstitutional and requesting injunctive relief.

Regardless of the exact causes of action asserted, Respondents filed preliminary objections, averring:  (1) this Court lacks jurisdiction to review Shick's challenge to DC-ADM 804; (2) Shick's claims against Respondents are barred by

---

rights under color of state law).  (Complaint ¶ Q.)  Although Shick references those two statutory provisions, he does not explain how those provisions are relevant.

[3] 42 U.S.C. § 1983, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Section 1983 provides a civil remedy for deprivations of federally protected rights caused by persons acting under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).  In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of rights secured by the United States Constitution or the laws of the United States, and (2) show the alleged deprivation was committed by a person acting under the color of state law.  *Owens v. Shannon*, 808 A.2d 607, 609 n.6 (Pa. Cmwlth. 2002).  Courts cannot impose supervisory liability in Section 1983 cases solely on a theory of *respondeat superior*.  *Watkins v. Pa. Dep't of Corr.*, 196 A.3d 272, 276 (Pa. Cmwlth. 2018).  To prevail in a Section 1983 suit against a supervisory official, a plaintiff must demonstrate the supervising defendant had personal involvement in the alleged wrongs.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Personal involvement can be pleaded "through allegations of personal direction or of actual knowledge and acquiescence."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity."  *Id.*

sovereign immunity; (3) Shick failed to state a claim upon which relief may be granted, because he did not sufficiently plead Respondents' personal involvement in any wrongdoings; (4) Shick does not have a clear right to the requested relief; and (5) Shick has failed to state a claim under 42 U.S.C. § 1983.

In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner. *Id.* "We review preliminary objections in the nature of a demurrer under the above guidelines and may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong Cty. Mem'l Hosp. v. Dep't of Pub. Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013).

With the above standard in mind, we accept as true the following allegations from the Complaint. Shick is an inmate incarcerated at the State Correctional Institution at Albion (SCI-Albion), and Respondents are employees of the same. (Complaint ¶¶ A-H.) SCI-Albion has a grievance procedure outlined in Department policy DC-ADM 804.[4] (*Id.* ¶ J.) This policy provides inmates "a formal

---

[4] We take judicial notice of Department policy DC-ADM 804, which appears on the Department's official website at:

https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/804%20Inmate%20Grievances.pdf.

(last visited Feb. 11, 2019). *See Figueroa v. Pa. Bd. of Prob. & Parole*, 900 A.2d 949, 950 n.1 (Pa. Cmwlth. 2006) (taking judicial notice of information found on Department website).

4

procedure through which to seek resolution of problems or other issues of concern arising during the course of confinement." (DC-ADM 804, Section III.) Respondents have, in some capacity, enforced this policy during Shick's time at SCI-Albion. (Complaint ¶ M.)

Given the glaringly undeveloped nature of the claims set forth in Shick's Complaint, we begin with consideration of Respondents' preliminary objections on the bases of lack of sufficiency of pleading and failure to state a claim upon which relief may be granted. Respondents argue that Shick failed to state a claim upon which relief may be granted, because he did not sufficiently plead personal involvement on the parts of Respondents. With respect to Tharp, Martucci, Webb, and Tiller, Respondents argue that the Complaint fails to aver sufficient facts to show that any one of them played an affirmative part in the alleged deprivation of Shick's civil rights or other wrongful acts. With respect to Woodside, Zirkle, Edwards, Kusiak, and Linder, Respondents argue that the Complaint fails to aver *any* facts against them to establish their personal involvement in the alleged civil rights violations or other wrongful acts, as their names only appear in the caption of the Complaint and not the body. Respondents argue that, although the Complaint alleges liability for Clark, Adams, and Franz under the doctrine of *respondeat superior* only, it similarly fails to aver any facts to support such liability.

Our review of the Complaint reveals that, in addition to not clearly setting forth any cause(s) of action that Shick seeks to pursue, the Complaint fails to specify any wrongdoing perpetrated upon Shick by Respondents, let alone allege any acts or omissions on the parts of Respondents, whether individually or as supervisors, that resulted in a violation of Shick's rights. The Complaint is simply devoid of any averments of personal or supervisory involvement by Respondents,

5

except that Tharp, Martucci, Webb, or Tiller have "participated at some level" in Shick utilizing DC-ADM 804 and that Clark, Adams, and Franz are "guilty of . . . civil rights violations . . . as *respondeats superior*." (*Id.* ¶¶ M, R.) Shick fails to allege any specific acts on the parts of Respondents that, if accepted as true, would establish their liability or entitle Shick to the relief which he seeks. Simply put, Shick's Complaint is conclusory, and it sets forth nothing but bald and unsubstantiated assertions that the Department's grievance system is unconstitutional and that Respondents have committed unspecified civil rights violations. For these reasons, we agree with Respondents that Shick's Complaint is deficient based on lack of sufficiency of pleading and failure to state a claim upon which relief may be granted. As a result, we will not address the remaining preliminary objections.

Accordingly, Respondents' preliminary objections are sustained, and Shick's Complaint is dismissed with prejudice.[5]

P. KEVIN BROBSON, Judge

---

[5] We note that we are dismissing the Complaint instead of providing Shick an opportunity to amend because this Court has previously provided Shick multiple opportunities to file an amended complaint in this matter. On January 13, 2017, Shick filed a motion for leave to file an amended complaint, which this Court granted by order dated January 23, 2017. In so doing, we ordered that Shick file his amended complaint within thirty days of the order. Shick failed to file an amended complaint and, by order dated March 7, 2017, we ordered Respondents to respond to the Complaint. Thereafter, Shick sought an extension of time in which to file an amended complaint, which this Court granted by order dated March 30, 2017. In so doing, we directed Shick to file his amended complaint by April 12, 2017. Shick, again, failed to file an amended complaint. By order dated May 2, 2017, we again directed Respondents to respond to the Complaint.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Russell Scott Shick,                         :
                              Petitioner      :
                                              :
         v.                                   :   No. 608 M.D. 2016
                                              :
Michael R. Clark, Superintendent,            :
individually and collaterally, Melinda        :
L. Adams, Deputy Superintendent,             :
individually and collaterally,                :
Carl Franz, Deputy Superintendent,           :
individually and collaterally, Michelle       :
Tharp, Grievance Coordinator,                :
individually and collaterally, Roni           :
Martucci, former Grievance Coordinator,:
individually and collaterally, Diana          :
Woodside, Director of Policy and             :
Legislation, individually and collaterally,:
Christine Zirkle, former CHCA,               :
individually and collaterally, Michael        :
Edwards, CHCA, individually and              :
collaterally, Valerie Kusiak, former          :
CHCA, individually and collaterally,         :
Lisa Linder, R.N.S., individually            :
and collaterally,                             :
                              Respondents     :

# **O R D E R**

AND NOW, this 21st day of February, 2019, Respondents' preliminary objections (based on lack of specificity of pleading and failure to state a claim upon which relief may be granted) to the Complaint in Civil Action for Constitutional Rights Violations (Complaint) filed by Russell Scott Shick are SUSTAINED, and the Complaint is DISMISSED with prejudice.

---
P. KEVIN BROBSON, Judge