IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ex Rel. Antonio Bundy,           :
                     Petitioner    :
                                    :
          v.                :   No. 444 M.D. 2020
                                    :   Submitted: April 9, 2021
Secretary John E. Wetzel,        :
Secretary of Pennsylvania Prisons,   :
                     Respondent   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE LEAVITT                            FILED: October 29, 2021

       Antonio Bundy, *pro se*, has filed a petition for review in the nature of a mandamus action against the Secretary of Corrections,[1] John E. Wetzel. Bundy seeks to compel the Secretary to provide him with medical care for his chronic skin condition. The petition asserts violations of the Eighth Amendment to the United States Constitution;[2] Article I, Section 13 of the Pennsylvania Constitution;[3] and the Department of Corrections' (Department) regulations and policies. The Secretary has filed preliminary objections seeking the dismissal of Bundy's petition for review, which we sustain in part and overrule in part.

---

[1] The caption of this case incorrectly identifies this officer as the Secretary of Pennsylvania Prisons.

[2] U.S. CONST. amend. VIII. It states: "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." *Id*.

[3] PA. CONST. art. I, §13. It provides: "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." *Id*. Pennsylvania's constitutional prohibition against cruel and unusual punishment is coextensive with the Eighth Amendment of the United States Constitution and affords no broader protection. *Tindell v. Department of Corrections*, 87 A.3d 1029, 1036, n.8 (Pa. Cmwlth. 2014).

Bundy is an inmate incarcerated at the State Correctional Institution (SCI) at Forest.[4] Petition, ¶2. In December of 2019, he submitted a "sick call"[5] request for medical services related to his chronic skin condition, psoriasis. *Id.*, ¶3. Prison medical staff saw Bundy and prescribed an ointment, Triamcinolone Acetonide, but did not inform him that he would be charged a fee for the visit or the medication. *Id.*, ¶¶3-4. On January 2, 2020, Bundy received his monthly inmate account statement and learned that the Department had deducted $10.00 for the medical visit and medication. *Id.*, ¶4. Bundy asserts that under the Department's policy relating to co-payment for medical services, DC-ADM 820, he must receive advance notice before being charged a medical fee. *Id.*, ¶3.

Bundy alleges that he was seen three times for the same skin problem in 2019 and was prescribed different ointments. Bundy asserts that under the Department's regulation at 37 Pa. Code §93.12[6] he should not have been charged any fee. *Id.*, ¶6.

---

[4] Subsequently, Bundy notified the Court that he had been transferred to SCI-Smithfield.

[5] The term "sick call" is "the process used by inmates who experience non-emergent medical/dental problems to access medical services; an examination by a physician, physician[']s assistant, nurse practitioner, or nurse." COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF CORRECTIONS, POLICY STATEMENT: CO-PAYMENT FOR MEDICAL SERVICES (2009), *available at* https://www.cor.pa.gov/About%20Us/Pages/DOC-Policies.aspx (last visited October 28, 2021) (DC-ADM 820).

[6] The regulation on the prison medical services program states, in pertinent part, as follows:

(d) The Department will not charge a fee to an inmate for any of the following:

\* \* \*

(16) Medication prescription subsequent to the initial medication prescription provided to an inmate for the same illness or condition.

37 Pa. Code §93.12(d)(16).

2

Bundy challenged the adequacy of the prison medical care and the charges through the Department's internal grievance procedure. *Id.*, ¶7. The Department's Chief Grievance Officer denied Bundy's final appeal in the grievance process, explaining that his sick call was for non-urgent care. *Id.*, Ex. at 9.[7] In that situation, the Department's policy requires an inmate to pay a fee for any non-emergency medical service. *Id.*

Bundy alleges that the medications prescribed for his psoriasis do "not work," leaving him with a painful condition prone to infection. Petition, ¶¶9, 10. Bundy further alleges that, presently, he is not receiving any treatment or medication for his skin. *Id.*, ¶10.

Based upon these allegations, Bundy asserts that the Secretary has violated his rights under the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution. Bundy also asserts that the co-payment charges violated the Correctional Institution Medical Services Act (Medical Services Act), 61 Pa. C.S. §§3301-3307. Petition, ¶10.[8] He seeks an order compelling the Secretary to provide him medical treatment for his psoriasis; to return the funds deducted for co-payment charges; and to comply with the Department's regulations and policies regarding medical services and co-payments.

---

[7] Courts reviewing preliminary objections may not only consider the facts pled in the petition, "but also any documents or exhibits attached to it." *Allen v. Commonwealth of Pennsylvania, Department of Corrections,* 103 A.3d 365, 369 (Pa. 2014).

[8] Bundy alleges a violation of Section 902-B of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *added by* the Act of April 9, 1990, P.L. 115, 71 P.S. §310-2, which permits the Department to contract with the federal government to house inmates in federal prisons. However, he makes no factual allegations or seeks any relief related to this provision. Therefore, he has waived this claim.

3

In response, the Secretary filed preliminary objections. The Secretary asserts, first, that because there is no constitutional right to free medical services, this Court lacks jurisdiction over the challenge to the co-payment charges. The Secretary next asserts that Bundy has not stated a claim for a violation of the Eighth Amendment because he has received treatment from the prison's medical staff, and the allegations about the ineffective treatment of his medical problems do not rise to the level of a constitutional violation. Finally, the Secretary contends that Bundy has not stated a claim under 42 U.S.C. §1983[9] because he has not established any personal involvement by the Secretary in the alleged wrongs. Preliminary Objections ¶¶23, 28.[10]

A writ of mandamus is an extraordinary remedy used to compel the performance of a ministerial act or mandatory duty where a petitioner establishes (1) a clear legal right to relief, (2) a corresponding duty in the respondent, and (3) a lack of any other adequate and appropriate remedy. *Tindell*, 87 A.3d at 1034. The

---

[9] Section 1983 allows a citizen to challenge conduct by a state official whom he claims has deprived him of his constitutional rights. *Owens v. Shannon*, 808 A.2d 607, 609 n.6 (Pa. Cmwlth. 2002). It states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. §1983.

[10] The Secretary objected to improper service, contending that Bundy failed to effectuate proper service of the petition on the Attorney General of Pennsylvania. Subsequently, this Court ordered Bundy to serve his petition on the Attorney General. Bundy filed an amended certificate of service showing service of the petition on the Attorney General. By order dated December 21, 2020, this Court overruled the Secretary's preliminary objection to improper service and ordered the parties to file briefs addressing the Secretary's remaining two preliminary objections.

4

purpose of mandamus is not to establish rights but, instead, to enforce rights that have been clearly established. *Id.*

In considering preliminary objections, this Court must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). We "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* To sustain preliminary objections, "it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Id.*

The Secretary argues that this Court lacks jurisdiction over Bundy's challenge to the co-payment deductions because they do not implicate any constitutional rights. As an aside, the Secretary observes that this Court also lacks appellate jurisdiction over this claim because charges for medical care are not adjudications of the Department appealable to this Court.

In *Bronson v. Central Office Review Committee*, 721 A.2d 357 (Pa. 1998), an inmate challenged the confiscation of his civilian clothing. The Pennsylvania Supreme Court held that the Commonwealth Court lacks both appellate and original jurisdiction over inmate appeals of grievance and misconduct decisions by prison officials. It explained that prison inmates do not enjoy the same level of constitutional protections as non-incarcerated citizens. A constitutional deprivation cannot be litigated unless the inmate can show unlawful interference with a personal or property interest that has not been limited by Department policy as necessary to operate the prison.

5

Pursuant to the Medical Services Act, the Department established the Medical Services Program, which requires "inmates to pay a fee to cover a portion of the actual costs of the medical services provided." 61 Pa. C.S. §3303(a). The Department's regulation requires the inmate to make a $5.00 co-payment for any non-emergency medical service provided at the inmate's request. 37 Pa. Code §93.12(c)(1), (e). An inmate is not charged a fee when he requires "[m]edical treatment for a chronic or intermittent disease or illness." 37 Pa. Code §93.12(d)(7). The Department's policy provides several examples of "chronic" medical diseases or illnesses: asthma, congestive heart failure, coronary artery disease, diabetes, dyslipidemia, hepatitis C, HIV, and hypertension. *See* DC-ADM 820, Glossary of Terms. Psoriasis is not listed as an example of a chronic medical disease or illness.

The Department's policy governing medical co-payments does not implicate Bundy's constitutional rights. In *Portalatin v. Department of Corrections*, 979 A.2d 944, 949 (Pa. Cmwlth. 2009), we stated that there is "no constitutional right to free medical services and prescription medicine." Even if there were such a right, it has been limited by Department regulations. Therefore, this Court lacks jurisdiction over Bundy's request for a writ of mandamus directing the Secretary to return the co-payments drawn from his inmate account.

The Secretary next argues that Bundy's petition does not state a claim under the Eighth Amendment because the Secretary, a non-physician defendant, cannot be considered deliberately indifferent for failing to respond to Bundy's medical complaints when his petition alleges that he was treated by the prison's medical staff. Further, Bundy's claim fails because a disagreement over the treatment of his psoriasis does not state an Eighth Amendment claim.

6

To state a claim under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Tindell*, 87 A.3d at 1038. To establish deliberate indifference, the inmate must establish that: "(i) the prison official knew of and disregarded an excessive risk to inmate health or safety; (ii) the prison official was aware of facts from which an inference could be drawn that a substantial risk of serious harm exists; and (iii) the prison official drew the inference" that there was a substantial risk of serious harm. *Id.*

Prison medical staff are afforded considerable latitude in the diagnosis and treatment of an inmate's medical problems, and "[c]ourts will 'disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment.'" *Kretchmar v. Department of Corrections*, 831 A.2d 793, 799 (Pa. Cmwlth. 2003) (citing *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)). "Thus, 'the key question . . . is whether [prison officials] have provided [the inmate] with some type of treatment, regardless of whether it is what [the inmate] desires.'" *Rivera v. Pennsylvania Department of Corrections, Bureau of Health Care Services* (Pa. Cmwlth., No. 673 M.D. 2019, filed August 23, 2021) (unreported), slip op. at 6 (citing *Farmer v. Carlson*, 685 F.Supp. 1335, 1339 (M.D. Pa. 1988)).[11]

Here, the Secretary does not suggest that Bundy's skin condition is not a serious medical condition but argues, instead, that he is a non-medical party, beyond the reach of a claim of deliberate indifference. The Court of Appeals for the

---

[11] Pursuant to Commonwealth Court Internal Operating Procedures §414(a), an unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value." 210 Pa. Code §69.414(a).

7

Third Circuit has explained that, with regard to non-medical defendants, "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Thus, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.*

Bundy's petition alleges he has filed "formal complaint(s) with Secretary Joh[n] E. Wetzel of the meaningless medication(s) provided which <u>do</u> <u>not</u> have any effect to heal [his psoriasis.]" Petition, Ex. Affidavit (emphasis in original). Given these formal complaints, it cannot be said at this stage of the proceeding that the Secretary is justified in believing that Bundy is "in capable hands." *Spruill,* 372 F.3d at 236. Because the Secretary has not taken action, Bundy has been left with "no medication, no treatment, no care for [his] skin" and is being "left to suffer." Petition, ¶10.

Contrary to the Secretary's assertion, Bundy's petition expresses more than a disagreement with prison medical staff over the course of his treatment of his skin condition. Bundy alleges that he is "intentionally" being deprived of "meaningful medical treatment/care for [his] long term chronic disease," which "[dries]-cracks-and bleeds and is very painful." Petition, Ex. Affidavit. The prison's staff has continued to treat his psoriasis with the same ointment despite their knowledge that it did not work. As a result, his psoriasis is continuing to spread and causing him more pain.

8

The Secretary also argues that Bundy's petition does not state a claim for deliberate indifference under the Eighth Amendment because Bundy does not allege the Secretary's personal involvement in the alleged wrongdoing as required under 42 U.S.C. §1983. However, Bundy has filed an "Action in Mandamus," not a civil rights action. As Bundy explained, he "filed this action in mandamus" seeking a "writ issued by a court" to "order[]" another individual "to perform" an action. Answer to Preliminary Objections ¶¶3-4.

For the reasons set forth above, the Secretary's preliminary objection to this Court's jurisdiction over Bundy's claim related to the Medical Services Act and 37 Pa. Code §93.12 is sustained. The Secretary's preliminary objection in the nature of a demurrer to Bundy's claim under the Eighth Amendment of the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution is overruled, and the Secretary is directed to file an answer to Bundy's petition.

_____
MARY HANNAH LEAVITT, President Judge Emerita

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ex Rel. Antonio Bundy,           :
            Petitioner      :
                             :
         v.               :    No. 444 M.D. 2020
                             :
Secretary John E. Wetzel,       :
Secretary of Pennsylvania Prisons,   :
            Respondent    :

## **O R D E R**

AND NOW, this 29th day of October, 2021, upon consideration of the preliminary objections filed by John E. Wetzel, Secretary of Corrections, to the petition for review in the nature of an action in mandamus filed by Antonio Bundy, it is hereby ORDERED that the preliminary objection to jurisdiction over the challenge to the medical co-payments is SUSTAINED and the preliminary objection in the nature of a demurrer to the claim of deliberate indifference to disease or illness is OVERRULED. The Secretary shall file an answer to the petition within 30 days of this Order.

_____
MARY HANNAH LEAVITT, President Judge Emerita