IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ali Marsh, : 
            Petitioner : 
             : 
       v. :    No. 394 M.D. 2023
             :    Submitted: November 7, 2024
PA Department of Corrections, John : 
& Jane Does Property Officers, : 
Property Sergeant SCI-Forest, John : 
& Jane Does Property Officers, : 
Property Sergeant SCI-Camp Hill, : 
PA, : 
            Respondents : 

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE STACY WALLACE, Judge
                 HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT            FILED: December 10, 2024

       Ali Marsh, *pro se*, has filed an amended petition for review in the nature of a civil action for damages in this Court's original jurisdiction[1] against the Pennsylvania Department of Corrections (Department) and the Property Officers and Sergeants at the State Correctional Institution (SCI) at Forest and at SCI-Camp Hill (together, Department Employees). Marsh seeks damages for the loss of his

---

[1] Marsh originally filed this action in the Court of Common Pleas of Cumberland County, which transferred the matter to this Court. A civil action seeking monetary damages for the deprivation of civil rights is considered an action in the nature of trespass for the purposes of this Court's jurisdiction. *Stackhouse v. Commonwealth*, 832 A.2d 1004, 1007-09 (Pa. 2003). Therefore, jurisdiction lies in the court of common pleas, not in the Commonwealth Court. The remedy is not to transfer the matter back to the court of common pleas but, rather, to dismiss the matter from which the parties can appeal. *Hill v. Pennsylvania Department of Environmental Protection*, 679 A.2d 773, 774 (Pa. 1996). For the sake of judicial economy, we decline to dismiss the action.

personal property that occurred when he was transferred to a different prison. Before the Court is the Department's and Department Employees' preliminary objection in the nature of a demurrer, challenging the legal sufficiency of the state and federal constitutional claims raised in Marsh's amended petition. For the reasons that follow, the demurrer to the constitutional claims will be sustained.

Marsh is currently incarcerated at SCI-Chester. His amended petition alleges that the Department and Department Employees have deprived him of his personal property, *i.e.*, certain legal and medical documents. In 2020, Marsh was incarcerated at SCI-Forest and scheduled for transfer to another state correctional facility. In preparation of the transfer, Marsh packed his personal belongings in record boxes, including his legal and medical documents. Department Employees "inventoried," "documented," and "shipped" his boxes to the other state correctional facility. Amended Petition ¶10. The transfer was scheduled for August 19, 2020. *Id*. ¶7.

The COVID-19 pandemic put Marsh's transfer on temporary hold. In the meantime, needing access to his documents for his criminal case, Marsh "requested the return of his legal documents." Amended Petition ¶12. Department Employees "repeatedly denied" his request. *Id*. ¶13. Eventually, Marsh was informed that his legal and medical documents "had already been shipped to another institution, SCI-Camp Hill." *Id*. ¶15. The Property Sergeant at SCI-Forest further informed Marsh that SCI-Camp Hill had been notified to transfer his boxes to SCI-Frackville. *Id*. ¶16.

Upon arriving at SCI-Frackville, Marsh learned that his documents were not there. Thereafter, Marsh was informed that SCI-Camp Hill had no record of having received his boxes of documents. Marsh purchased copies of the missing

legal documents in order to advance his criminal case, and this cost him $6,000. Amended Petition ¶25.

On November 30, 2020, Marsh filed a grievance, which was denied. Marsh appealed the grievance denial to the Facility Manager at SCI-Forest. On March 22, 2021, Marsh learned that his missing property had been tracked to SCI-Camp Hill, having arrived there on August 20, 2020, at 11:18 a.m. Amended Petition ¶22. Because his boxes of documents had been located at SCI-Camp Hill, his grievance appeal was denied.

Marsh then sought final review of his grievance denial from the Chief Grievance Officer. On January 14, 2022, the Chief Grievance Officer denied Marsh's appeal, in part, because Marsh had recovered the missing legal documents. *Id*. ¶¶26-27. As to the missing medical records, the Chief Grievance Officer found that they could not be reproduced because they belonged to a hospital outside the Department's system. Marsh's request for compensatory damages was denied.

Marsh alleges that the actions of the Department and Department Employees have deprived him of his personal property in violation of the Fifth[2] and Fourteenth[3] Amendments to the United States Constitution, U.S. CONST.

---

[2] The Fifth Amendment provides, in relevant part:

> No person shall . . . be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. CONST. amend. V.

[3] The Fourteenth Amendment states, in relevant part:

> Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV, §1.

amend. V, XIV, and article I, section 1 of the Pennsylvania Constitution,[4] PA. CONST. art. I, §1. Specifically, he was denied due process and did not receive just compensation for the taking of his property, *i.e.*, his medical and legal documents. Further, Marsh asserts that he suffered a financial loss in the amount of $6,000 because he had to purchase copies of the legal documents negligently misplaced by the Department and Department Employees.

Marsh seeks a declaration from this Court that the Department and Department Employees violated his rights under the Fifth and Fourteenth Amendments and article I, section 1 of the Pennsylvania Constitution. He also seeks an award of damages against the Department and Department Employees under the common law of negligence. Marsh seeks compensatory, punitive, and nominal damages.

In response, the Department and Department Employees have filed a preliminary objection in the nature of a demurrer to Marsh's constitutional claims.[5] They argue, first, that the Department is not a person that can be held liable under Section 1983 of the Civil Rights Act, 42 U.S.C. §1983, for violation of Marsh's federal constitutional rights. Second, they argue that the amended petition does not state a claim under the Fourteenth Amendment because an inmate cannot use a Section 1983 action to recover damages arising from the alleged negligence of

---

[4] Article I, section 1 states:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

PA. CONST. art. I, §1.

[5] Pennsylvania Rule of Civil Procedure 1028(a)(4) provides that "[p]reliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . legal insufficiency of a pleading (demurrer)[.]" PA.R.CIV.P. 1028(a)(4).

prison employees. Third, the amended petition does not state a claim under the Fifth Amendment because it applies only to the federal government, not to actions taken by state actors. Finally, they argue that the amended petition does not state a due process claim under article I, section 1 of the Pennsylvania Constitution because the inmate grievance system provided him all the process he is due.

In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). The Court is not required to accept legal conclusions, unwarranted inferences from alleged facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id*. We sustain preliminary objections only where the law is clear that the petitioner cannot succeed on the claim after resolving all doubts in favor of the petitioner. *Id*. In short, a demurrer will be sustained where the "petitioner has failed to state a claim for which relief may be granted." *Armstrong County Memorial Hospital v. Department of Public Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013).

With these principles in mind, we turn to the merits of the preliminary objection.

The Department contends that it is not a proper defendant in a Section 1983 action. Rather, the petitioner "must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Thomas v. Wetzel* (Pa. Cmwlth., No. 1139 C.D. 2017, filed May 18, 2018) (unreported),[6] slip op. at 6

---

[6] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

(quoting *American Manufacturers Mutual Insurance Company v. Sullivan*, 526 U.S. 40, 49-50 (1999)). However, a state, which includes a state agency, is not a "person" subject to suit under 42 U.S.C. §1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). The Department is not a valid defendant in a civil rights action under 42 U.S.C. §1983.

Next, Department Employees argue that they cannot be held liable under the Fourteenth Amendment for the loss of Marsh's documents. They explain that a "Section 1983 action cannot be brought to vindicate a prisoner's right to property where the deprivation occurs as a result of a tortious act of a state employee and where an adequate remedy exists to compensate those who suffered tortious loss at the hands of the state." Department Brief at 12 (quoting *Palmer v. Doe* (Pa. Cmwlth., No. 2451 C.D. 2015, filed May 5, 2016) (unreported), slip op. at 13). Here, Marsh has a remedy under the common law and under the prison grievance system.

Marsh responds that Department Employees were "careless and reckless" in handling his personal property, "resulting in the loss of said property without just compensation[.]" Marsh Brief at 2. Marsh pursued redress through the Department's internal grievance system, but his financial loss has not been remedied.

The amended petition did not specifically invoke Section 1983 of the Civil Rights Act, but it will be assumed. Section 1983 provides, in part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in

6

an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. §1983. "Section 1983 provides a civil remedy for deprivations of federally protected rights caused by persons acting under color of state law." *Palmer*, slip op. at 11. Those federal rights may arise under the United States Constitution or the laws of the United States. *Owens v. Shannon*, 808 A.2d 607, 609 n.6 (Pa. Cmwlth. 2002). To establish a Section 1983 claim, the conduct complained of must be committed by a person acting under color of state law, and the conduct must deprive the plaintiff of rights, privileges, or immunities secured by the Constitution or the statutes of the United States. *Id*.

"[A] claim that state officials have deprived a prisoner of personal property does not state a recognizable [Section] 1983 action." *Scott v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 76 M.D. 2021, filed November 4, 2022) (unreported), slip op. at 6 (quoting *Palmer*, slip op. at 12). This Court has explained as follows:

> To that end, a Section 1983 action cannot be brought to vindicate a prisoner's right to property where the deprivation occurs as a result of a tortious act of a state employee and where an adequate remedy exists to compensate those who suffered tortious loss at the hands of the state. The [United States] Supreme Court later extended this holding to intentional deprivations of property, similarly holding that where a prisoner has an adequate post-deprivation remedy under state law for any loss suffered to his property, a Section 1983 action is not available.

*Scott*, slip op. at 6-7 (quoting *Palmer*, slip op. at 12-13).

The amended petition alleges that Marsh pursued the Department's grievance procedure to "final review." Amended Petition ¶24. The amended petition also asserts a negligence claim against Department Employees for "recklessly handling" his personal property. *Id*. ¶31. In light of these remedies,

7

Marsh cannot pursue a Section 1983 claim against Department Employees for a loss of personal property.

Department Employees next argue that Marsh's Fifth Amendment claim is legally deficient. The Fifth Amendment to the United States Constitution applies only to the federal government and not to state officials. On this point, Marsh's brief simply states that he did not receive compensation for the property that was taken.

The Takings Clause of the Fifth Amendment is applicable to the states through the Fourteenth Amendment. It provides that private property shall not "be taken for public use, without just compensation." U.S. CONST. amend. V. The Takings Clause is irrelevant here because the amended petition does not allege that Marsh's property was taken for a public use without just compensation. Rather, it alleges that Marsh was "deprived of his personal property" at a direct cost to him of $6,000. Amended Petition ¶¶29-30. Seizures of an inmate's "personal property are not the kinds of takings that are prohibited by the Fifth Amendment." *Pittman v. Commonwealth* (Pa. Cmwlth., No. 476 M.D. 2022, filed January 2, 2024) (unreported), slip op. at 12 (quoting *Thomas v. Stevens* (W.D. Mich., No. 1:22-CV-160, filed August 16, 2022), 2022 WL 3367412 at *15). Simply, Marsh has failed to state a claim under the Takings Clause.

Finally, we consider the demurrer to Marsh's claim under article I, section 1 of the Pennsylvania Constitution. The Department and Department Employees argue that Marsh had access to a post-deprivation remedy with the inmate grievance system. Additionally, Pennsylvania has not enacted a statute similar to Section 1983 of the Civil Rights Act for the vindication of rights secured by the Pennsylvania Constitution.

8

Marsh's "takings claim" under article I, section 1 of the Pennsylvania Constitution "is subsumed under the principles relating to due process." *Small v. Horn*, 722 A.2d 664, 671 (Pa. 1998). As explained above, an inmate does not state a cognizable due process claim against officials "where there exists an adequate post-deprivation remedy," which is the grievance system. *Bullock v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 241 M.D. 2016, filed May 12, 2017) (unreported), slip op. at 9. Dissatisfaction with the outcome of the grievance does not equate to a denial of due process. *Id.*, slip op. at 10. Marsh has received due process by way of the Department's grievance procedure, and he is not entitled to any more process by article 1, section 1 of the Pennsylvania Constitution.

In sum, the amended petition does not present a legally cognizable claim against the Department or Department Employees under the United States or Pennsylvania Constitutions. Accordingly, the Department's and Department Employees' preliminary objection as to these claims is sustained. The Department and Department Employees did not file a preliminary objection to Marsh's negligence claim. Accordingly, the Department and Department Employees are

directed to file an answer to the amended petition as to Marsh's remaining negligence claim.[7]

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[7] Marsh seeks damages from the Department and Department Employees due to their alleged negligence in handling his property. Generally, the Commonwealth and its agencies are shielded from damages by the defense of sovereign immunity. *Young v. Wetzel*, 260 A.3d 281, 289 (Pa. Cmwlth. 2021). Section 8522 of the Judicial Code grants a limited waiver of sovereign immunity for negligence claims against Commonwealth agencies and employees where the claim is one for which damages would be recoverable against a non-government defendant and the negligent act falls within one of the nine categories for which sovereign immunity is waived by Section 8522(b). 42 Pa. C.S. §8522(a). Specifically, Section 8522(b)(3) waives sovereign immunity for damages caused by:

> (3) Care, custody or control of personal property.—The *care, custody or control of personal property in the possession or control of Commonwealth parties, including* Commonwealth-owned personal property and *property of persons held by a Commonwealth agency*, except that the sovereign immunity of the Commonwealth is retained as a bar to actions on claims arising out of Commonwealth agency activities involving the use of nuclear and other radioactive equipment, devices and materials.

42 Pa. C.S. §8522(b)(3) (emphasis added). Our Court has held that actions for damages based on negligence in the prison employees' handling of an inmate's personal property that is under their care, custody or control are not barred by sovereign immunity. *Williams v. Stickman*, 917 A.2d 915, 918 (Pa. Cmwlth. 2007).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ali Marsh,                                    :
                    Petitioner               :
                                             :
          v.                                 :          No. 394 M.D. 2023
                                             :
PA Department of Corrections,  John          :
& Jane Does Property Officers,               :
Property Sergeant SCI-Forest, John           :
& Jane Does Property Officers,               :
Property Sergeant SCI-Camp Hill,             :
PA,                                          :
                    Respondents              :

# **O R D E R**

AND NOW, this 10th day of December, 2024, the preliminary objection in the nature of a demurrer filed by the Pennsylvania Department of Corrections, John & Jane Does Property Officers, Property Sergeant SCI-Forest, John & Jane Does Property Officers, Property Sergeant SCI-Camp Hill, PA to the federal and state constitutional claims in the amended petition for review filed by Ali Marsh is SUSTAINED.

The Pennsylvania Department of Corrections, John & Jane Does Property Officers, Property Sergeant SCI-Forest, John & Jane Does Property Officers, Property Sergeant SCI-Camp Hill, PA are directed to file an answer to the remaining negligence claim in the amended petition within 30 days of this Order.

_____
MARY HANNAH LEAVITT, President Judge Emerita