# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin J. Robertson,                        :
               Appellant         :
                            :
        v.                              :     No. 1111 C.D. 2019
                            :     Submitted: January 15, 2021
Deputy Zaken and CO 1 Johnson      :

BEFORE:  HONORABLE P. KEVIN BROBSON, President Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY PRESIDENT JUDGE BROBSON**         **FILED:  December 22, 2021**

Appellant Justin J. Robertson (Robertson) appeals from an order of the Court of Common Pleas of Greene County (trial court), which denied him *in forma pauperis* status (IFP) and dismissed his complaint pursuant to what is commonly referred to as the Pennsylvania Prison Litigation Reform Act (PLRA).[1]  The complaint sought damages for the destruction of his typewriter and a declaratory judgment that his due process rights were violated.  Appellees are two Department of Corrections (Department) employees at the State Correctional Institution at Greene (SCI-Greene):  Deputy Superintendent Zaken and Correctional Officer (CO)

---

[1] 42 Pa. C.S. §§ 6601-6608.

Johnson (collectively, Defendants).[2]  For the reasons that follow, we affirm the trial court's order.

## I.  BACKGROUND

Robertson averred the following facts in his complaint.[3]  In June 2017, CO Johnson confiscated a typewriter from Robertson's cell and informed him it would be returned after it was opened and examined for contraband.  (Original Record (O.R.), Item No. 21, Complaint (Compl.) ¶¶ 4, 5, Exhibit (Ex.) 1.)  CO Johnson provided Robertson with a confiscated items receipt for the typewriter.  (*Id.* ¶ 4, Ex. 1.)  In December 2017, Robertson sent correspondence to the SCI-Greene Security Office inquiring about his typewriter and when it would be returned to him. (*Id.* ¶ 6, Ex. 2.)  The Security Office did not respond to Robertson's correspondence. (*Id.*)

In March 2018, Robertson sent correspondence to Deputy Superintendent Zaken inquiring about the return of his typewriter.  (*Id.* ¶ 7, Ex. 3.)  Deputy Superintendent Zaken responded to Robertson informing him that he was "not getting [his] typewriter back.  It was confiscated due to it being altered and containing a tattoo gun.  It has been destroyed." (*Id.*)  Robertson filed an inmate grievance seeking reimbursement for the cost of the typewriter.  (*Id.* ¶ 8.)  The Department denied Robertson's grievance at all administrative review levels.  (*Id.*) Robertson avers that his typewriter was never altered, that he did not receive a prison

<hr/>

[2] The full names of Defendants Zaken and Johnson do not appear in the complaint or elsewhere in the record.

[3] Robertson also attached three exhibits to his complaint.  Exhibit 1 was a DC-154A, *Department Confiscated Items Receipt (Inmate)*, that included, among other things, the confiscation of a Word Smith Typewriter.  Exhibit 2 was a DC-135A, *Inmate's Request to Staff Member*, dated December 18, 2017, directed to the SCI-Greene Security Office.  Exhibit 3 was a DC-135A, *Inmate's Request to Staff Member*, dated March 25, 2018, directed to the SCI-Greene Deputy Superintendent Zaken.

misconduct for altering his typewriter, and that the Defendants did not provide him with notice or a hearing prior to the destruction of his typewriter. (*Id.* ¶¶ 11, 12.)

Robertson filed a petition for IFP status in the trial court in May 2019. That same month, the trial court directed Robertson to file either a writ of summons or a civil complaint so that it could consider his petition for IFP. Robertson filed a *pro se* complaint against the Defendants in July 2019. In addition to seeking damages for his typewriter and a declaratory judgment, Robertson also included a claim that the Defendants violated the Department's Code of Ethics concerning the personal property of inmates and the filing of false reports. (*Id.* ¶¶ 9, 10, 14-16.)

The trial court denied Robertson's application for IFP status and dismissed the complaint by order dated July 2, 2019. The trial court determined that the complaint involved prison conditions litigation and it was empowered to dismiss the litigation at any time, *inter alia*, if the complaint fails to state a claim upon which relief may be granted. (O.R., Item No. 22, Trial Court Order, filed July 3, 2018, at 4.) Robertson appealed.

The trial court filed its Pa. R.A.P. 1925(a) opinion. Thereafter, we directed the parties to address in their principal briefs on the merits whether Robertson's appeal was timely. After the parties filed their briefs on the merits, we determined that the trial court's Pa. R.A.P. 1925(a) opinion was insufficient for purposes of appellate review. We directed the trial court to supplement its Pa. R.A.P. 1925(a) opinion by explaining its reasoning for its conclusion that the complaint failed to state claims upon which relief may be granted. The trial court provided its

3

supplemental Pa. R.A.P. 1925(a) opinion, and the parties thereafter filed supplemental briefs.[4]

## II. ISSUES

Robertson raises three issues on appeal.[5] First, Robertson contends that the trial court erred when it dismissed his federal constitutional claims pursuant to the PLRA. Second, Robertson argues that the trial court erred when it relied on an unpublished opinion from this Court to support its decision. Third, Robertson submits that the trial court erred when it added a published case to support its dismissal of the complaint in its Pa. R.A.P. 1925(a) opinion and that it lacked jurisdiction to do so.

## III. DISCUSSION

### A. Timeliness of Appeal

We first address the procedural issue of the timeliness of Robertson's notice of appeal. A notice of appeal must be filed within thirty days after entry of the order from which the appeal is taken. Pa. R.A.P. 903(a). The trial court's order denying Robertson's IFP status and dismissing his complaint was filed on July 3, 2019, so he had until August 2, 2019, to file his notice of appeal. The trial court's docket

---

[4] Robertson included as an attachment to his supplemental brief a copy of his inmate grievance that he submitted to the Department, along with the responses, to support his arguments. "This Court may not consider auxiliary information appended to a brief that is not part of the . . . record on appeal." *Croft v. Unemployment Comp. Bd. of Rev.*, 662 A.2d 24, 28 (Pa. Cmwlth. 1995). Accordingly, we limit our review to the documents contained within the original record.

[5] "Our scope of review of the trial court's order is plenary where the trial court dismisses a complaint *sua sponte* for failure to state a cause of action upon which relief may be granted." *Whitaker v. Wetzel*, 170 A.3d 568, 572 n.3 (Pa. Cmwlth. 2017). "As our inquiry involves solely questions of law, our standard of review is *de novo*." *Jae v. Good*, 946 A.2d 802, 806 n.4 (Pa. Cmwlth.), *appeal denied*, 959 A.2d 930 (Pa. 2008), *cert. denied*, 555 U.S. 1156 (2009); *see also Payne v. Dep't of Corr.*, 871 A.2d 795, 800 (Pa. 2005).

indicates that Robertson's notice of appeal was filed on August 8, 2019, so, on its face, it appears to have been filed six days after the deadline.

Pennsylvania Courts, "[r]ecognizing the limitations of incarceration apply equally to all *pro se* inmates, . . . apply the prisoner mailbox rule in a number of legal contexts." *Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014). "Under the prisoner mailbox rule, a prisoner's *pro se* appeal is deemed filed at the time it is given to prison officials or put in the prison mailbox." *Id.* at 1096 (citing *Cmwlth. v. Jones*, 700 A.2d 423, 425-26 (Pa. 1997)).

Robertson's certificate of service attached to his notice of appeal indicates that on August 2, 2019, he "mailed" the documents pursuant to the prisoner mailbox rule, presumably by providing the documents to the prison officials at SCI-Greene. Normally, his statement on the certificate of service alone would not be sufficient proof that the prisoner mailbox rule applies to his case. *See Sweesy v. Pa. Bd. of Prob. & Parole*, 955 A.2d 501, 503 (Pa. Cmwlth. 2008) (holding that court needs "reasonably verifiable evidence" of date inmate deposits appeal, including, but not limited to, "certificates of mailing, cash slips, affidavits, and prison operating procedures"). The Defendants' attorney, however, candidly concedes that it appears that the appeal was timely filed pursuant to the prisoner mailbox rule. (Defendants' Brief at 5, n.1.) Given the Defendants' attorney's concession and the timeline of events, we deem this to be reasonably verifiable evidence that the prisoner mailbox rule applies and that Robertson's filing of the notice of appeal was timely.

### B. Dismissal of Claims

"In order to proceed [IFP], a prisoner must meet the requirements of [Pennsylvania Rule of Civil Procedure 240(j)(1)] . . . [and] must satisfy the requirements of the [PLRA]." *Richardson v. Thomas*, 964 A.2d 61, 64

5

(Pa. Cmwlth.), *appeal denied*, 972 A.2d 523 (Pa.), *cert. denied*, 558 U.S. 951 (2009). Specifically, Pennsylvania Rule of Civil Procedure 240(j)(1), provides, in pertinent part:

> If, simultaneous with the commencement of an action or proceeding . . . a party has filed a petition for leave to proceed [IFP], the court prior to acting upon the petition may dismiss the action . . . if it is satisfied that the action . . . is frivolous.

Similarly, the PLRA allows a court to dismiss prison litigation at any time it determines that the litigation is frivolous; it also allows such dismissal based on the failure to state a claim upon which relief may be granted or if the "defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief." 42 Pa. C.S. § 6602(e)(2).

In reviewing the sufficiency of the complaint, we are cognizant that Pennsylvania Rule of Civil Procedure 1019(a) provides that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa. R.Civ. P. 1019(a). We also recognize that "[t]he allegations of a *pro se* complainant are held to a less stringent standard than that applied to pleadings filed by attorneys." *Danysh v. Dep't of Corr.*, 845 A.2d 260, 262-63 (Pa. Cmwlth. 2004), *aff'd*, 881 A.2d 1263 (Pa. 2005); *see also Williams v. Syed*, 782 A.2d 1090, 1095 n.6 (Pa. Cmwlth. 2001) ("Where the elements to a cause of action are adequately set forth, a *pro se* complaint will not be dismissed just because it is not artfully drafted."). "Courts look to the substance of the pleadings and are 'presumed to know the law'; this is especially true in the context of a *pro se* litigant." *Young v. Wetzel*

6

(Pa. Cmwlth., No. 792 C.D. 2020, filed March 16, 2021), slip op. at 6-7 (quoting *Heinly v. Cmwlth.*, 621 A.2d 1212, 1215 n.5 (Pa. Cmwlth. 1993)).[6]

In dismissing Robertson's claims, the trial court did not specifically rule on each of Robertson's causes of action. A "dismissal of a prisoner's [prison conditions] complaint as frivolous has serious consequences for [the] prisoner[,] . . . [and,] [a]s a matter of fairness, . . . a trial court should not be allowed to dismiss a complaint as frivolous without being able to explain that decision." *Derrickson v. Sluzevich* (Pa. Cmwlth., No. 913 C.D. 2007, filed July 31, 2008), slip op. at 9-10 (noting that Section 6602(f) of PLRA, 42 Pa. C.S. § 6602(f), allows complaint to be dismissed where prisoner had three prior prison conditions complaints dismissed as frivolous). We believe the trial court reached the correct conclusion in dismissing the complaint, but it did not adequately explain how it reached its legal conclusions. Nevertheless, rather than remand this case, in the interest of judicial economy and fairness to the parties, we will address each of Robertson's claims to determine if they are frivolous or fail to state claims upon which relief may be granted or if the Defendants are entitled to assert a valid affirmative defense based on the record before us.[7]

### 1. Conversion of Property and Sovereign Immunity

Looking at the substance of the complaint, we believe that Robertson has set forth a claim for the tort of conversion. "Our Supreme Court has defined conversion as 'an act of willful interference with a chattel, done without lawful justification, by

---

[6] An unreported opinion of this Court issued after January 15, 2008, may be cited for its persuasive value but not as binding precedent. Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[7] "[A]n appellate court may uphold an order of a lower court for any valid reason appearing from the record." *Ario v. Ingram Micro, Inc.*, 965 A.2d 1194, 1200 (Pa. 2009).

which any person entitled thereto is deprived of use and possession.'" *Price v. Corr. Officer Simcox* (Pa. Cmwlth., No. 307 C.D. 2017, filed September 28, 2017), slip op. at 5 (quoting *Norriton E. Realty Corp. v. Cent.-Penn Nat'l Bank*, 254 A.2d 637, 638 (Pa. 1969)). Significantly, "[a] claim for conversion arises from an intentional[] and not a negligent act." *Id.*, slip op. at 5 (citing *Williams v. Stickman*, 917 A.2d 915, 917 (Pa. Cmwlth. 2007)). In this case, Robertson alleges that CO Johnson entered his cell and confiscated his typewriter, and, even though the typewriter was not altered into contraband, it was intentionally destroyed. (O.R., Item No. 21, Compl. ¶¶ 4, 5, Exs. 1-3.) Taking Robertson's averments as true, he has alleged a cognizable conversion claim that CO Johnson willfully interfered with his property, without lawful justification, and thereby deprived him of use and possession of the typewriter.

The Defendants contend, however, that CO Johnson enjoys the protection of sovereign immunity against intentional torts such as conversion. (Defendants' Supplemental Brief at 9-10.) Commonwealth employees acting in the course and scope of their employment are immune from suit unless sovereign immunity is specifically waived. 1 Pa. C.S. § 2310; 42 Pa. C.S. § 8522(a).[8] An action for intentional misconduct is barred by sovereign immunity if the Commonwealth actor was within the scope of his employment. *La Frankie v. Miklich*, 618 A.2d 1145,

---

[8] The Commonwealth has waived its sovereign immunity for negligence actions, in relevant part, for damages caused by the "care, custody, or control of personal property." 42 Pa. C.S. § 8522(b)(3). We have held that this exemption to sovereign immunity only applies to the negligent handling of an inmate's personal property while in the possession or control of prison staff. *Williams*, 917 A.2d at 918. We do not believe that Robertson asserts a claim of negligence against CO Johnson as to his care for the typewriter; rather, Robertson appears to assert that CO Johnson intentionally and deliberately took, inspected, and destroyed the typewriter. Intentional and deliberate acts are not covered by the personal property exemption to sovereign immunity set forth in 42 Pa. C.S. § 8522(b). *Roman v. Swartz* (Pa. Cmwlth., No. 1243 C.D. 2012, filed May 15, 2013), slip op. at 5.

1149 (Pa. Cmwlth. 1992). To be within the scope of employment, the conduct must be of the same general nature as that authorized or incidental to the conduct authorized, occurring substantially within the authorized time, and done to serve the employer. *Kull v. Guisse*, 81 A.3d 148, 153 (Pa. Cmwlth. 2013).

"Regulating and confiscating inmate property falls squarely within the scope of a corrections officer's duties." *Price*, slip op. at 8. Based on Robertson's averments, CO Johnson was performing a contraband inspection within SCI-Greene when he confiscated Robertson's typewriter, inspected it for contraband, and, after deeming it to be contraband, destroyed it. We conclude that CO Johnson was acting within the scope of his employment and is entitled to sovereign immunity concerning this conversion claim. Thus, the trial court did not err in dismissing this claim based on CO Johnson's sovereign immunity.

## 2. Lack of Personal Involvement

With respect to Deputy Superintendent Zaken, his involvement is that he responded to Robertson's correspondence by informing him that his typewriter was confiscated as contraband and destroyed. (O.R., Item No. 21, Compl. ¶ 7, Ex. 3.) "Merely being in the 'chain of command' does not subject [a public servant manager] to suit on any theory of vicarious responsibility." *Price*, slip op. at 9 (quoting *DuBree v. Cmwlth.*, 393 A.2d 293, 295 (Pa. 1978)); *see also Bush v. Veach*, 1 A.3d 981, 986 (Pa. Cmwlth. 2010) (holding that superintendent did not have actual knowledge of employee's alleged unlawful conduct based on his response to grievance denials, and that his liability cannot be predicated on operation of *respondeat superior*). Given that Deputy Superintendent Zaken was not personally involved in the confiscation and actual destruction of Robertson's typewriter, the

9

trial court did not err in dismissing the conversion claim for failure to state a claim upon which relief may be granted.

### 3. Procedural Due Process Claims

Robertson claims that the Defendants violated his procedural due process rights provided by Article I, Section 1 of the Pennsylvania Constitution[9] and the Fourteenth Amendment to the United States Constitution[10] when they destroyed his typewriter without notifying him or providing him with a hearing. (O.R., Item No. 21, Compl. ¶¶ 13, 15.) "'Due process under the Pennsylvania Constitution emanates from a number of provisions, including Article I, Section[] 1' . . . [which] protects life, liberty and property interests." *O'Toole v. Pa. Dep't of Corr.*, 196 A.3d 260, 265 (Pa. Cmwlth. 2018) (quoting *Muscarella v. Cmwlth.*, 87 A.3d 966, 973 (Pa. Cmwlth. 2014)). "The Pennsylvania Supreme Court has held that 'the requirements of Article I, Section 1 of the Pennsylvania Constitution are not distinguishable from those of the [Due Process Clause of the] [Fourteenth] Amendment . . . [thus] we may apply the same analysis to both claims.'" *Robbins v. Cumberland Cnty. Child. & Youth Servs.*, 802 A.2d 1239, 1252 (Pa. Cmwlth. 2002) (en banc) (some alterations in original) (quoting *Pa. Game Comm'n v. Marich*, 666 A.2d 253, 255 n.6 (Pa. 1995)).

"In analyzing a due process claim, the first step is to determine 'whether the nature of the interest is one within the contemplation of the "liberty or property"

---

[9] Article I, Section 1 of the Pennsylvania Constitution provides: "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." PA. CONST. art. I, § 1.

[10] The Fourteenth Amendment to the United States Constitution provides, in relevant part, that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.

language of the Fourteenth Amendment.'" *Lopez v. Pa. Dep't of Corr.*, 119 A.3d 1081, 1085 (Pa. Cmwlth. 2015), *aff'd*, 144 A.3d 92 (Pa. 2016) (quoting *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000)).[11] Once it is determined that the interest is protected by the Due Process Clause, the question is then "what process is due to protect it." *Shoats*, 213 F.3d at 143.

Inmates do not have an absolute right to acquire and keep any property they wish, and the Department is permitted to deprive inmates of property so long as those decisions are reasonably related to legitimate penological interests. *Bell v. Wolfish*, 441 U.S. 520, 545-46 (1979); *Iseley v. Beard*, 841 A.2d 168, 174 (Pa. Cmwlth.), *appeal denied*, 863 A.2d 1150 (Pa. 2004). We have explained:

> When a prison official confiscates a prisoner's property in an allegedly unauthorized way, whether it be negligently or intentionally, due process requires only the existence of an adequate post-deprivation remedy because it is not feasible for a prison to provide a hearing prior to taking property that is perceived to be contraband or against prison regulations.

*Shore v. Pa. Dep't of Corr.*, 168 A.3d 374, 383 (Pa. Cmwlth. 2017) (citing *Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984)). "[I]nmate grievance systems are an adequate post-deprivation remedy." *Shore*, 168 A.3d at 383.

Robertson avers that he filed an inmate grievance seeking reimbursement for the cost of the typewriter, but the Department denied the grievance at all administrative levels. (O.R., Item No. 21, Compl. ¶ 8.) We conclude that Robertson received the amount of due process to which he was entitled under the Department's

---

[11] While decisions of federal district courts and courts of appeals, including those of the Third Circuit, are not binding on Pennsylvania courts, even where a federal question is involved, they have persuasive value. *Kutnyak v. Dep't of Corr.*, 923 A.2d 1248, 1250 (Pa. Cmwlth. 2007) (citing *Garber v. Pa. Dep't of Corr. Sec'y*, 851 A.2d 222, 226 n.9 (Pa. Cmwlth. 2004)). It is appropriate to follow them where the United States Supreme Court has not spoken. *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 772 n.11 (Pa. Cmwlth. 1997).

inmate grievance system. Thus, the trial court did not err when it dismissed this claim for failure to state a claim upon which relief may be granted.

### 4. Violations of Department Policy

Robertson contends that the Defendants violated two provisions of the Department's Code of Ethics related to the confiscation of his typewriter. (O.R., Item No. 21, Compl. ¶¶ 9, 11.) The Department's policies and procedures do not, in themselves, confer upon inmates any actionable rights. *Dantzler v. Wetzel*, 218 A.3d 519, 524 (Pa. Cmwlth. 2019) (en banc), *abrogated on other grounds by Feliciano v. Pa. Dep't of Corr.*, 250 A.3d 1269 (Pa. Cmwlth. 2021) (en banc). "[A] failure to comply with prison policy is not a basis for a cause of action." *Dantzler*, 218 A.3d at 524. To the extent Robertson relies on the Department's Code of Ethics to support his argument that the Defendants violated his rights, he fails to state a claim upon which relief may be granted.

### C. Trial Court's Reliance on Unpublished Opinion

Robertson contends that the trial court erred when it dismissed his federal constitutional claims pursuant to the PLRA, citing *Owens v. Shannon*, 808 A.2d 607 (Pa. Cmwlth. 2002), to support this argument. (Robertson's Brief at 9.) The inmate in *Owens* filed a complaint in a court of common pleas pursuant to 42 U.S.C. § 1983 (Section 1983),[12] alleging that prison officials retaliated and denied his free speech rights provided by the First Amendment to the United States Constitution when he was transferred from one prison to another. *Owens*, 808 A.2d at 608. The common pleas court dismissed his complaint pursuant to Section 6602(e)(2) of the PLRA for

---

[12] We note that while Section 1983 does not create substantive rights, it is a vehicle for vindicating rights conferred in the United States Constitution or federal statutes. *Urbanic v. Rosenfeld*, 616 A.2d 46, 52 (Pa. Cmwlth. 1992), *aff'd*, 631 A.2d 596 (Pa. 1993). Additionally, the law is clear that a Section 1983 action may be brought in state court. *Heinly*, 621 A.2d at 1215-16.

failure to state a claim upon which relief may be granted, reasoning that the prison officials enjoyed sovereign immunity. *Id.* at 609. The inmate appealed, and we reversed the common pleas court's decision because a state-law sovereign immunity defense was not available in a Section 1983 action, brought in a state court that had jurisdiction, when the defense would not be available if the action had been brought in federal court. *Id.* at 610. Simply stated, "a state may not lessen the availability of Section 1983 by taking any action purportedly frustrating its application." *Heinly*, 621 A.2d at 1215. *Owens*, however, does not apply to Robertson's situation.

In *Jae*, we explained that "federal law governs the substantive merits of a Section 1983 action brought in state court, but state law governs the procedures by which that action will be litigated." *Jae*, 946 A.2d at 809. Robertson's case is on point with our decision in *Jae*, where the trial court used the Commonwealth's procedural law to dismiss his Section 1983 claim. Accordingly, because Robertson brought his declaratory judgment action for alleged violations of his federal due process rights in state court, the PLRA applies and the trial court did not err in using it to dismiss his complaint.

Robertson next contends that the trial court erred when it relied on this Court's unpublished opinion in *Greely v. Wetzel* (Pa. Cmwlth., No. 1369 C.D. 2017, filed April 4, 2018), to support the decision to dismiss his complaint. (Robertson's Brief at 9.) To place this argument into context, Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), provides:

> An unreported opinion of this Court may be cited and relied upon when it is relevant under the doctrine of law of the case, res judicata, or collateral estoppel. Parties may also cite to an unreported panel decision of this Court issued after January 15, 2008, for its persuasive value, but not as binding precedent.

13

While the trial court relied on *Greely*, its central point was really to reference Section 6602(e)(2) of the PLRA, 42 Pa. C.S. § 6602(e)(2), as support for its decision. Moreover, while *Greely* is not a published opinion that may be cited as binding precedent, the above-quoted internal operating procedure allows unreported panel decisions, issued after January 15, 2008, to be cited for their persuasive value. Thus, we conclude that the trial court did not err in citing to *Greely* for its persuasive value to support its decision to dismiss the complaint.

### D. Trial's Court Citation in Pa. R.A.P. 1925(a) Opinion of Case Not Previously Cited

Robertson's third argument is that the trial court erred when it referenced in its Pa. R.A.P. 1925(a) opinion a published case that it did not previously reference to support the dismissal of the complaint (along with *Greely*), taking the position that the trial court no longer had jurisdiction in the case due to the appeal. (Robertson's Brief at 9.) We note that Pa. R.A.P. 1925(a) requires, in relevant part, that "the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall . . . file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found." Section 5505 of the Judicial Code provides that "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days of its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa. C.S. § 5505.

In the present matter, the trial court, after explaining why it cited to *Greely*, provided that, "[i]n the event that it was improper to cite *Greely* for precedential value, we now look to *Miles v. Wiser*, 847 A.2d 237, 240 (Pa. Cmwlth. 2004)." (O.R., Item No. 9, Trial Court Opinion dated October 22, 2019, at 3.) The trial court

14

explained that *Miles* similarly held that under Section 6602(e) of the PLRA "a court is required to dismiss prison conditions litigation that it deems are [sic] frivolous or that fail to state a cause of action in a situation where, as here, [IFP] status is sought." (*Id.*) The trial court was simply adding to the authority it relied upon to support its decision to dismiss the complaint and did not change the order that dismissed Robertson's complaint. Consequently, we conclude that the trial court neither erred in substituting the *Miles* case for its precedential value in its Pa. R.A.P. 1925(a) opinion, nor violated 42 Pa. C.S. § 5505 by changing its decision after thirty days and while the matter was on appeal.

## IV. CONCLUSION

For the reasons set forth above, we affirm the trial court's order, denying Robertson IFP status and dismissing his complaint.

_____

P. KEVIN BROBSON, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin J. Robertson,                    :
                          Appellant    :
                                   :
          v.                        :    No. 1111 C.D. 2019
                                   :
Deputy Zaken and CO 1 Johnson           :

## O R D E R

AND NOW, this 22nd day of December, 2021, the order of the Court of Common Pleas of Greene County, dated July 2, 2019, is AFFIRMED.

_____
P. KEVIN BROBSON, President Judge
