**David D. RICHARDSON, Appellant**

v.

**Paul THOMAS, Principle; and Patricia Collins, Assistant Librarian.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 12, 2008.
Decided Jan. 14, 2009.

David D. Richardson, appellant, pro se.

William E. Fairall, Jr., Deputy Chief Counsel and Suzanne N. Hueston, Chief Counsel, Camp Hill, for appellees.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge McGINLEY.

David D. Richardson (Richardson) appeals pro se from the order of the Court of Common Pleas of Westmoreland County (common pleas court) which dismissed Richardson's motion to proceed *in forma pauperis* and his complaint under the authority of the Prison Litigation Reform Act (Act)[1], which allows a court to deny a prisoner *in forma pauperis* status and to dismiss a complaint which challenges prison conditions where a prisoner has three prior prison condition complaints dismissed as frivolous or malicious.

Richardson was incarcerated at the State Correctional Institution at Greensburg (SCI–Greensburg). On March 25, 2008, Richardson commenced an action in the common pleas court and alleged that he was injured by the refusal of Paul Thomas, called a "school principal," and Patricia Collins, assistant librarian, of the library at SCI–Greensburg, (collectively, Defendants) to hire him to work in the prison library. Richardson alleged that he was a member of a minority group, that he was placed on a waiting list for a job in the prison library and that he interviewed twice for positions in the library but was not hired. Richardson alleged that the Defendants, who were two of the three members of the hiring panel, both times hired a white applicant. Richardson alleged that he was not hired because of racial animus and in retaliation for having filed past grievances against prison personnel. Richardson further alleged:

24. The defendants [sic] refusal to hire plaintiff [Richardson] was intentional and constituted a reckless disregard for plaintiff's [Richardson] federally protected rights.

25. The defendants [sic] refusal to hire plaintiff [Richardson] denied plaintiff [Richardson] due process and equal protections of law.

26. As a result of the defendants [sic] conduct ... plaintiff [Richardson] was deprived of the opportunity of employment at a job he was qualified for; at one of the higher paying job classifications at SCI–Greensburg.

27. As a result of the defendants [sic] conduct ... plaintiff [Richardson] suffered extreme mental anguish, i.e., hu-

1. 42 Pa.C.S. §§ 6601–6608.

miliation, anxiety, depression, sense of inequality with white people, loss of sleep & appetite; which is continuing and accompanied by headaches and tightening of the muscles in his neck, back, and stomach at the thought of the defendants [sic] conduct.

Complaint, March 25, 2008, Paragraphs Nos. 24–27 at 4. Richardson sought compensatory, punitive, and "nominative" damages and sought prosecution of the Defendants in their individual capacities. Richardson also moved to proceed *in forma pauperis.*

The common pleas court determined that Richardson's cause of action was frivolous and denied the petition to proceed *in forma pauperis:*

2. However, Plaintiff [Richardson] has no entitlement to employment within the prison system, and a prisoner's expectation of getting or keeping a prison job does not implicate a protected property or liberty interest.... Prison labor does not create an employment relationship; rather such work is designed to train and rehabilitate the prisoner.... Plaintiff [Richardson], therefore, has no cause of action for Defendants' refusal to hire him to work in the prison library and, accordingly, this case is frivolous.

....

4. The General Assembly enacted Section 6602(f) of the Prison Litigation Reform Act (Act), 42 Pa.C.S. § 6602(f), to control abusive prison litigation. A court may dismiss an action where the prisoner has earned 'three strikes' by having three prison litigation actions dismissed as frivolous.

5. Since 2007, Plaintiff [Richardson] has filed numerous actions in Westmore-

land County. At least three of these cases involved prison conditions and were ultimately dismissed: (1) *Richardson v. Lockett,* 1623 of 2008; (2) *Richardson v. Yothers,* 1467 of 2007; and (3) *Richardson v. Donegan,* 6695 of 2007.... Each of these cases was frivolous ... under the definition contained in comments to Pa.R.C.P. 240(j).

6. The dismissal of Lockett for failure to exhaust administrative remedies also constitutes a strike under the Act....

7. Plaintiff [Richardson] has engaged in abusive litigation as defined by Section 6602(f) of the Act.

Common Pleas Court Order, March 27, 2008, Paragraphs 2 and 4–7 at 1–2.

Richardson contends that the common pleas court abused its discretion when it dismissed his equal protection claim as frivolous and when it dismissed his cause of action because he had accumulated three "strikes." [2]

Richardson contends that the common pleas court abused its discretion when it dismissed his civil cause of action pursuant to the Act for three reasons: 1) Richardson was pursuing a federal cause of action, 42 U.S.C. § 1983, in state court so that the "strikes" had to be actions in federal court and not state court; 2) At the time of the common pleas court's decision, one of the cases cited as a "strike", *Richardson v. Yothers,* 1467 of 2007, was on appeal to our Pennsylvania Supreme Court, so it did not count as a "strike;" and 3) There was never a finding that *Richardson v. Lockett,* 1623 of 2008, and *Richardson v. Donegan,* 6695 of 2007, were dismissed as frivolous.[3]

---

**2.** As this Court's review involves solely questions of law, this Court's review is *de novo. Payne v. Department of Corrections,* 582 Pa. 375, 871 A.2d 795 (2005).

**3.** This Court has foregone the sequence of Richardson's arguments.

### I. Court of the United States.

▮ In order to proceed *in forma pauperis*, a prisoner must meet the requirements of Pa.R.C.P. No. 240. In addition, a prisoner must satisfy the requirements of the Act.[4]

Richardson contends that because he was bringing an action under 42 U.S.C. § 1983 the common pleas court was bound by 28 U.S.C. § 1915, the federal counterpart to Section 6602 of the Act, which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in *a court of the United States* that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. (Emphasis added).

Because the actions cited by the common pleas court occurred in the state court system, Richardson asserts that they do not count as frivolous actions for purposes of 28 U.S.C. § 1915.

In *Jae v. Good*, 946 A.2d 802 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 598 Pa. 790, 959 A.2d 930 (2008), this Court resolved the issue of whether the Act applied when a prisoner sought to have Pennsylvania courts enforce his rights under Section 1983. This Court determined:

> Our state courts must apply federal law to evaluate the substantive merits of . . . [a] First Amendment Claim. . . . However, our courts must also follow the rules of procedure that govern any civil litigation brought in our court system. . . . Thus, federal law governs the substantive merits of a Section 1983 action brought in state court, but state law governs the procedures by which that action will be litigated.
>
> Section 6602(f) of the PLRA does not establish substantive law but is entirely procedural because it relates to payment of court filing fees. . . . Because Jae [John Richard Jae, a prisoner] brought his civil action in state court and sought relief from filing fees by requesting permission to proceed *in forma pauperis*, the Pennsylvania PLRA, not the federal

---

4. Section 6602(f) provides:

(f) **Abusive litigation.**—If the prisoner has previously filed prison conditions litigation and:

(1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2); or,

(2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial; the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

Section 6602(e)(2) of the PLRA, 42 Pa.C.S. § 6602(e)(2) provides:

(e) **Dismissal of litigation.**—Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:

. . . .

(2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

analog, applied to Jae's action, as the trial court correctly held.

*Jae,* 946 A.2d at 809–810.

As in *Jae,* Richardson has brought his civil action in state court. Therefore, the Act applies, not the federal statute. Consequently, the common pleas court did not err when it counted state court actions in calculating whether Richardson met the "three strikes" threshold.

### II.  Three Strikes: Yothers.

■ Richardson next contends that one of the actions, *Richardson v. Yothers,* No. 166 WAL 2008, was on appeal to our Pennsylvania Supreme Court at the time the common pleas court dismissed his *in forma pauperis* request. Because it was on appeal, it did not count as a "strike." Richardson is correct that *Yothers* was on appeal at the time the common pleas court issued its order in this case.

In response, the Defendants point out that even if one excluded *Yothers,* there was another "strike." In *Richardson v. Beard,* 612 M.D. 1999, Filed October 20, 1999, this Court dismissed Richardson's petition for review in this Court's original jurisdiction because Richardson sought to "challenge his medical co-payment and that such a matter is not an adjudication subject to review." This Court may take judicial notice of its own order. Therefore, even if this Court were to agree with Richardson that *Yothers* did not count as a "strike," *Richardson v. Beard* does because it involved a dismissal of litigation concerning prison conditions.

### III.  Three Strikes: Lockett and Donegan.

■ Finally, Richardson contends that the common pleas court erred when it characterized *Lockett* and *Donegan* as frivolous when no such finding was ever made.

Under Section 6602(e)(2) of the Act, a court may dismiss an action if "The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief." Under the plain language of the Act, a determination that an action was frivolous is not the only way that it may be dismissed and count as a "strike."

In *Lockett,* the common pleas court dismissed the action because Richardson had failed to exhaust his administrative remedies. In *Luckett v. Blaine,* 850 A.2d 811 (Pa.Cmwlth.2004), this Court affirmed the grant of a demurrer dismissing a complaint in part because the prisoner failed to exhaust his administrative remedies. This Court is satisfied that in a case where a prisoner fails to exhaust administrative remedies the litigation fails to state a claim upon which relief may be granted and is frivolous.

■ In *Donegan,* the common pleas court denied Richardson's motion to proceed *in forma pauperis* and dismissed his complaint because Richardson's "certificate of merit was stricken by order of court dated October 1, 2007, and the sixty-day period referred to in the order of court dated August 21, 2007, for filing a certificate of merit has expired and no new certificate of merit has been filed." *Donegan,* Order, October 23, 2007. Richardson failed to comply with Pa.R.C.P. No. 1042.3.[5] This Court is satisfied that failure

---

5.  Pa.R.C.P. No. 1042.3 provides in pertinent part:

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the at-

to comply with a mandatory procedure constitutes a "strike."[6]

Accordingly, this Court affirms.[7]

## *ORDER*

AND NOW, this 14th day of January, 2009, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is affirmed.

torney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

. . . .

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom the defen-

dant is responsible deviated from an acceptable professional standard, or

. . . .

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

6. In his reply brief, Richardson asserts that *Donegan* should not count as a "strike" because the Westmoreland County Prothonotary's office refused to process his appeal. Richardson, however, did not raise this issue in his Statement of Questions Involved in his initial brief to the Court so this Court will not address it. *See* Pa.R.A.P. 2116.

7. Because this Court affirms on the basis of the Act, this Court need not consider Richardson's argument regarding the merits of his complaint.