IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,                      :
                 Petitioner          :
                                     :
        v.                         :
                                     :
State Civil Service Commission     :
(Department of Human Services),     :    No. 150 C.D. 2020
                 Respondent      :    Submitted: January 22, 2021


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                FILED: April 23, 2021

Sean M. Donahue (Donahue), representing himself, petitions for review of an order of the State Civil Service Commission (Commission) that dismissed an appeal he filed after the Department of Human Services (DHS) did not hire him for a civil service position. Upon review, we affirm.

## I. Background

In 2018, Donahue applied for a civil service position as an Income Maintenance Caseworker for the DHS in its Luzerne County Assistance Office. There was a posted opening in Wilkes-Barre and another in Hazleton. Donahue contends he applied for both positions. Br. of Pet'r at 17 & 44. However, the position number on his application matches only the Wilkes-Barre posting. Certified Record (C.R.) Item #2, Notes of Testimony, 12/19/18 (N.T.) at 54, 58, & 72; C.R. Item #6, Comm'n Adj. at 2, Findings of Fact (F.F.) 3-4 & Ex. A at 4.

Donahue states he is an Army veteran. He asserts he scored 97 points on the civil service exam, giving him a score of 107 after adding the 10 points for

veterans' preference to which he was entitled under what is known as the Veterans' Preference Act (Act).[1] However, the DHS did not hire him. Donahue alleges he was entitled to a position and that the DHS engaged in discriminatory practices and failed to follow applicable statutes and regulations by failing to hire him.

Donahue appealed his non-hire to the Commission, which held a hearing before Commissioner Gregory M. Lane (Commissioner Lane). The Commission credited evidence from the DHS that it filled only one position and decided not to fill the Wilkes-Barre position because there was a greater need for personnel in Hazleton. C.R. Item #6, Comm'n Adj. at 3, F.F. 6-7; 11-12. Accordingly, the Commission dismissed Donahue's complaint, concluding he could not assert entitlement to a position that was never filled. *Id*. at 11-12 (Donahue failed to establish that a hiring action occurred, and the DHS established that the position was not filled). The Commission subsequently denied Donahue's motion for reconsideration. C.R. Item #9. Donahue then petitioned for review in this Court.[2]

## II. Issues

Donahue's overarching contention is that he was entitled to a veterans' preference that was denied him. He argues that any purported preference by the DHS for internal hiring did not override the veterans' preference, that employees of

---

[1] Chapter 71 of Title 51 of the Pennsylvania Consolidated Statutes, known as the Veterans' Preference Act, 51 Pa. C.S. §§ 7101-7111, was amended in 2020. The statute in effect at the time of Donahue's application was 51 Pa. C.S. §§ 7101-7109. The 2020 amendments are not material here.

[2] "This Court's review of a Civil Service Commission adjudication is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law has been committed or whether constitutional rights have been violated." *Commonwealth v. State Civ. Serv. Comm'n (Wheeland)*, 219 A.3d 1257, 1263 n.3 (Pa. Cmwlth. 2019). The State Civil Service Commission (Commission) resolves all credibility issues and determines the weight to be accorded to the evidence, and this Court will not re-weigh the evidence or substitute its judgment for that of the Commission. *Id.* at 1275.

2

other agencies are external hires rather than internal hires and not entitled to preference over veterans, that the DHS, rather than Donahue, had the burden of proof, that he was intentionally targeted for exclusion from state employment, and that the DHS discriminated against him by not hiring him because he is not Hispanic.

In his reply brief, Donahue restates some of the same assertions and also argues that this Court should entertain some of his arguments in its original jurisdiction. He cites 42 Pa. C.S. § 761(a)(1), which confers original jurisdiction upon this Court over civil actions against the Commonwealth or a Commonwealth officer acting in his official capacity. In addition, Donahue asks this Court to expand the record or take judicial notice of purportedly related records and cases.

### III. Discussion

Although Donahue asserts that he applied for both the Wilkes-Barre and Hazleton positions, there is only one application in the record, and the Commission found as a fact that the position number on that application matched the Wilkes-Barre position rather than the Hazleton position. C.R. Item #6, Comm'n Adj. at 2, F.F. 3-4. That finding was supported by substantial evidence. *See* C.R. Item #2, N.T. at 54, 58, & 72; C.R. Item #6, Comm'n Adj. Ex. A at 4. This Court will not disturb the Commission's findings of fact on appeal. *See Commonwealth v. State Civ. Serv. Comm'n (Wheeland)*, 219 A.3d 1257, 1275 (Pa. Cmwlth. 2019).

At the hearing, there was testimony concerning both the Wilkes-Barre and Hazleton positions. Field Human Resource Officer 2 Janet Norton (Norton), who testified on behalf of the DHS, stated at two points that the position at issue had been filled. C.R. Item #2, N.T. at 51 & 71. However, after a sidebar conference among Norton, Commissioner Lane, the Commission's counsel, DHS counsel, and Donahue, Norton clarified in further testimony that the Hazleton position was filled

3

and the Wilkes-Barre position was not. *Id*. at 73-74, 81-82, & 85-86. Another DHS witness, the Luzerne County Assistance Office's Executive Director William Schabemer (Schabemer), also testified that the DHS filled the Hazleton position, not the Wilkes-Barre position, because personnel needs were greater in Hazleton. *Id*. at 93 & 97-98.

To the extent that the evidence can be seen as equivocal with regard to which position the DHS actually filled, the Commission has exclusive authority to resolve issues of credibility and weight of the evidence. *Wheeland*, 219 A.3d at 1275. The Commission found as a fact that the DHS did not fill the Wilkes-Barre position. Comm'n Adj. at 3, F.F. 6-7; 11-12. There was substantial evidence in the form of testimony from two witnesses to support that finding. C.R. Item #2, N.T. at 73-74, 81-82, 85-86, 93, & 97-98. The Commission credited that testimony. C.R. Item #6, Comm'n Adj. at 11-12. This Court will not second-guess the Commission's credibility determinations or reweigh the evidence. *See Wheeland*, 219 A.3d at 1275.

Donahue asserts impropriety in holding the sidebar conference and in allegedly leading questions posed by DHS counsel to elicit the testimony of Norton and Schabemer. However, Donahue did not object to either the sidebar or the leading questions during the hearing. *See generally* C.R. Item #2, N.T. at 63-64. Therefore, those objections are waived. *See Dep't of Env't Prot. v. Green 'N Grow Composting, LLC*, 201 A.3d 282, 287 (Pa. Cmwlth. 2018).

Donahue further challenges the Commission's alleged denial of his request for sequestration of all witnesses except while testifying. However, a review of the hearing transcript reveals no request for sequestration. *See generally* C.R. Item #2, N.T. In any event, a decision whether to sequester witnesses would have

been within the Commission's discretion. *Accord Commonwealth v. Counterman*, 719 A.2d 284, 299 (Pa. 1998) (trial court's decision whether to sequester witnesses is discretionary and will be reversed only for an abuse of discretion).

Having found as facts that Donahue applied only for the Wilkes-Barre position and that the DHS did not fill that position, the Commission correctly dismissed Donahue's claim for relief. Donahue's remaining arguments relate to various reasons why he believes the DHS acted improperly in the selection process for the position. Because the position was never filled, however, all such arguments are irrelevant.

Regarding the additional arguments raised in Donahue's reply brief, this Court declines to take judicial notice of other case records or adjudications, which are not relevant in light of our disposition of this matter. As for Donahue's assertion that this Court should consider his arguments in our original jurisdiction, although the statement of jurisdiction in Donahue's principal brief cited 42 Pa. C.S. § 761, which relates to this Court's original jurisdiction, he did not otherwise refer to this Court's original jurisdiction in his principal brief. An argument cannot be raised for the first time in a reply brief. Pa. R.A.P. 2113(a); *see Richardson v. Thomas*, 964 A.2d 61, 66 n.6 (Pa. Cmwlth. 2009) (court would not consider issue raised in reply brief but not in statement of questions involved in the principal brief). Therefore, that argument is waived. Further, Donahue has not set forth any basis to consider his petition for review as the commencement of a civil action in this Court's original jurisdiction. He has cited no authority and offered no analysis in support of his assertion. It is therefore waived for this additional reason. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (claim is waived where appellate brief

5

fails to provide any discussion with citation to relevant authority or to develop the issue in any meaningful fashion capable of review).

## IV. Conclusion

For the reasons discussed above, the Commission's adjudication is affirmed.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,                          :
                Petitioner       :
                            :
      v.                             :
                            :
State Civil Service Commission            :
(Department of Human Services),           :   No. 150 C.D. 2020
              Respondent       :

PER CURIAM

## O R D E R

AND NOW, this 23rd day of April, 2021, the order of the State Civil Service Commission is AFFIRMED.