# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian E. Griffin,               :
          Appellant       :
                       :   No. 85 C.D. 2025
      v.                :
                       :   Submitted:  April 13, 2026
M. Thompson and Prison Medical  :
Department                  :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE STELLA M. TSAI, Judge


***OPINION NOT REPORTED***

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                **FILED:  June 26, 2026**


Brian E. Griffin (Appellant), proceeding *pro se*, has appealed from an order entered by the Court of Common Pleas of Somerset County (trial court) on October 16, 2024, which dismissed his medical malpractice complaint with prejudice for failure to provide a written statement from an appropriate licensed professional in support of his certificate of merit.[1]  After careful review, we affirm in part, reverse in part, vacate the trial court's order, and remand.

---

[1] *See* Pa.R.Civ.P. 1042.3(e).  Often, for ease of reference, courts will use the acronym "COM" to designate both the certificate of merit and the supporting written statement.  *See, e.g.*, *Bisher v. Lehigh Valley Health Network, Inc.*, 265 A.3d 383, 390 n.5 (Pa. 2021).  However, these are distinct documents subject to different procedural requirements.  *Compare* Pa.R.Civ.P. 1042.6, 1042.7 (outlining the procedure for judgment of *non pros* where a plaintiff has not filed a certificate of merit); *with* Pa.R.Civ.P. 1042.11, 1042.12 (outlining the procedure for judgment of *non pros* where a *pro se* plaintiff has not filed a written statement in support of his certificate of merit; discussed **(Footnote continued on next page…)**

# I. BACKGROUND[2]

Appellant is an inmate incarcerated at the State Correctional Institution Somerset (SCI-Somerset). In 2020, upon his arrival, Appellant requested placement in the facility's residential treatment unit (RTU) to address his deteriorating mental health. His request was denied. Over the next two years, Appellant contends that he suffered regular and debilitating mental health episodes. Nevertheless, despite his repeated requests, Appellant was denied access to the enhanced treatment available in RTU.

In November 2022, Appellant commenced this litigation. Essentially, according to Appellant, Murray Thompson (Thompson), who is a licensed psychologist, and other providers in the facility's mental health department (collectively, Appellees) failed to properly diagnose and treat his mental illness. In support of these malpractice claims, Appellant filed two certificates of merit, but neither of these certificates included a written statement from an appropriate licensed professional.

Appellant failed to properly serve his complaint. Although he eventually perfected service on Appellees, Appellant did not serve the Pennsylvania Office of Attorney General. Nevertheless, in September 2023, the Somerset County Prothonotary (Prothonotary) granted Appellant default judgment. Once served on November 15, 2023, Appellees petitioned the trial court to open or strike the judgment. In April 2024, the trial court struck the default judgment but also noted

---

in further detail below). In this case, to avoid confusion, we have refrained from using the acronym.

[2] Unless stated otherwise, we derive this background from the facts alleged in Appellant's Complaint. *See* Compl., 11/8/22. In large part, we derive the rather complicated procedural history of this case from the trial court's memorandum and order, which was filed August 15, 2024. *See* Trial Ct. Mem. & Order, 8/15/24.

that Appellees had waived further service on the Office of Attorney General.  Shortly thereafter, Appellees filed a notice of their intent to enter judgment of *non pros*.  In June, upon praecipe, judgment of *non pros* was entered.

In July 2024, Appellant promptly filed a motion for summary judgment, which the trial court expressly construed as a motion to strike and, implicitly, a motion to extend the time for filing a certificate of merit.  Upon reviewing the procedural history and relevant filings, the trial court observed that Appellees' praecipe did not include a certificate of service demonstrating that they had served Appellant notice of their intent to enter judgment of *non pros*.  *See* Trial Ct. Mem. & Order at 3 (citing Pa.R.Civ.P. 1042.12).  Concluding that this was a fatal defect, the trial court struck the judgment.  The court further recognized that Appellant misunderstood the requirements of Rule 1042.3 and, therefore, granted Appellant 60 days to produce a written statement from an appropriate medical professional.[3]  *See id.* at 4; *see also* Pa.R.Civ.P. 1042.3(d).  The trial court cautioned Appellant, however, that a "[f]ailure to file the statement(s) shall result in dismissal by the court without need for further pleading on the part of [Appellees]."  *See* Trial Ct. Mem. & Order at 4.

Appellant timely submitted correspondence from Dr. Elicia Stein, who is a Regional Licensed Psychologist Manager with the Pennsylvania Department of Corrections.  As with Appellant's prior submissions, the trial court determined that

---

[3] The trial court succinctly explained:

> According to attachments to [Appellant's] certificates, he was of the mistaken belief that he should try to obtain statements from the [Appellees] themselves, as opposed to obtaining them from non-party medical professionals who have opined that the [Appellees'] actions fell below the standard of care.

Trial Ct. Mem. & Order at 2.

Dr. Stein's letter did not meet the requirements of Rule 1042.3 and dismissed Appellant's complaint with prejudice. Appellant then timely appealed.[4]

## II. ISSUES

We discern three issues in this appeal, which we have re-ordered and restated for ease of analysis.[5] First, Appellant asserts that the trial court abused its discretion when it "opened" the default judgment entered against Appellees. *See* Appellant's Br. at 5, 7-8. Second, Appellant maintains that the statements provided in support of his certificates of merit were adequate. *See id.* at 5, 6-7. Third, Appellant asserts that, if his complaint indeed warrants dismissal, such dismissal must be without prejudice. *See id.* at 6.

## III. DISCUSSION

Appellant first argues that the trial court abused its discretion when it "opened" the default judgment. *See* Appellant's Br. at 5, 7-8. To secure relief from the entry of default judgment, there are two distinct remedies. "An aggrieved party may file a petition to strike a default judgment and/or a petition to open a default judgment, but the remedies are not interchangeable." *Reaves v. Knauer*, 979 A.2d

---

[4] Appellant initially appealed to the Superior Court, which transferred the matter to this Court. *See* Pa. Super. Ct. Order, 1/23/25; *see also* 42 Pa.C.S. § 762(a)(1)(i); 42 Pa.C.S. § 761(a)(1)(iii).

[5] Appellant has identified five issues for our review. *See* Appellant's Br. at 5. The first four of these issues challenge the trial court's decision to dismiss Appellant's complaint for his failure to file a certificate of merit. *See id.* In his fifth issue, Appellant questions whether the court abused its discretion when it opened the default judgment entered against Appellees. *See id.* Thereafter, in brief remarks, Appellant reframed these issues into four discernible arguments. *See id.* at 6-8. The Pennsylvania Rules of Appellate Procedure prescribe a mandatory brief format for lawyers and non-lawyers alike. *Richardson v. Pa. Ins. Dep't*, 54 A.3d 420, 425 (Pa. Cmwlth. 2021). Rule 2119 provides that an "argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). We caution Appellant that a party's failure to adhere to Rule 2119 and properly develop an argument may result in waiver. *City of Phila. v. Workers' Comp. Appeal Bd. (Calderazzo)*, 968 A.2d 841, 846 n.4 (Pa. Cmwlth. 2009).

404, 410 (Pa. Cmwlth. 2009). It appears that Appellant has conflated these remedies. *See generally* Appellant's Br. (addressing Pennsylvania's three-part test governing a petition to open, including, *e.g.*, assertions that Appellees did not promptly challenge the judgment entered and that the trial court failed to consider his *pro se* status in denying him equitable relief).[6] To be clear, in this case, the trial court *struck* the default judgment. *See* Trial Ct. Order, 4/1/24.

"Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed." *Cintas Corp. v. Lee's Cleaning Serv., Inc.*, 700 A.2d 915, 917 (Pa. 1997) (thereafter contrasting valid service on a defendant with a defective return of service). In actions against a Commonwealth party,[7] there must be service of process on both the agency's principal or local office and on the Office of the Attorney General. *See Reaves*, 979 A.2d at 410; 42 Pa.C.S. § 8523.

When a trial court has entered default judgment, yet service on a defendant is defective, the aggrieved party can file a petition to strike, which "does not involve the discretion of the court . . . [and] operates as a demurrer to the record." *Cintas Corp.*, 700 A.2d at 918. "[A] court may only look at the facts of record at the time the judgment was entered to decide if the record supports the judgment." *Id.* at 919. It is well settled that the absence of proper service constitutes a "fatal defect appearing on the face of the record." *Reaves*, 979 A.2d at 409-10.

---

[6] A decision to open a default judgment is committed to the sound discretion of the court. *Reaves*, 979 A.2d at 409. A petition to open must meet three elements: "the petition must be promptly filed; the failure to appear or file a timely answer must be excused; and, the party seeking relief must show a meritorious defense." *Id.*

[7] Pursuant to what is commonly known as the Sovereign Immunity Act, 42 Pa.C.S. §§ 8501-8528, a "Commonwealth party" is a "Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." *Id.* § 8501.

5

Here, Appellant did not serve the Office of the Attorney General. *See generally* Original R. Because Appellant failed to complete service, the trial court never acquired personal jurisdiction over Appellees, and the court's Prothonotary therefore lacked authority to enter its default judgment. *See Reaves*, 979 A.2d at 410; 42 Pa.C.S. § 8523. Upon recognizing this jurisdictional defect, the trial court properly struck the default judgment. *See Reaves*, 979 A.2d at 410.

Next, we address the adequacy of the written statements submitted by Appellant in support of his certificates of merit. Appellant has offered no clear argument in support of these statements. *See generally* Appellant's Br.; *but see id.* at 6 (in general terms, characterizing the court's decision to dismiss his complaint as "[a] mistake so obvious to the eyes of this [C]ourt, that [it] must be corrected").

A plaintiff bringing a medical malpractice action must file a certificate of merit in support of his claims. Pa.R.Civ.P. 1042.3(a). The plaintiff must file a separate certificate as to each licensed professional against whom a claim is asserted. Pa.R.Civ.P. 1042.3(b). Essentially, the certificate provides assurance to the parties and the trial court that the plaintiff can "support the allegations he has made" and that "resources will not be wasted" if the litigation proceeds. *Bisher v. Lehigh Valley Health Network, Inc.*, 265 A.3d 383, 390 (Pa. 2021) (quoting *Womer v. Hilliker*, 908 A.2d 269, 275 (2006)). In signing and submitting the certificate, the plaintiff (or his attorney) attests that a qualified expert has provided a written statement indicating that there "exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint,

6

fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm." Pa.R.Civ.P. 1042.3(a)(1).[8]

The written statement supporting a certificate of merit is sufficient when it "substantially complies" with the requirements of Rule 1042.3, and it need not parrot Rule 1042.3's precise language, so long as it communicates there is a reasonable probability that the defendant breached the appropriate standard of care and that the breach was a cause in bringing about the alleged harm. *See Bisher*, 265 A.3d at 413-15. The sufficiency of the statement presents a question of law, which this Court reviews *de novo*. *Id.* at 410.

Although the substantive requirements of the written statement are the same, Rule 1042.3 imposes different procedural requirements on the plaintiff depending on whether the plaintiff is litigating with the assistance of counsel. An attorney must certify that a qualified expert has provided the necessary written statement, whereas the *pro se* plaintiff must also attach this written statement to his certificate of merit. *Compare* Pa.R.Civ.P. 1042.3(a)(1), *with* Pa.R.Civ.P. 1042.3(e). A failure to adhere to this requirement renders the certificate of merit deficient and subject to a judgment of *non pros*. Pa.R.Civ.P. 1042.3(e); 1042.11; *see, e.g.*, *Johnson v. Smith* (Pa. Cmwlth., 1667 C.D. 2024, filed April 15, 2026), 2026 WL 1020558 (affirming, on waiver grounds, the trial court's judgment of *non pros* where a *pro se* plaintiff had not filed both a certificate of merit and a supportive statement from an appropriate expert); *Lloyd v. Veterinary Orthopedic Servs., Ltd.* (Pa. Super., 456 EDA 2024, filed July 2, 2025), 2025 WL 1825123, at *7-9 (affirming the trial

---

[8] Alternatively, if proceeding on a theory of vicarious liability, the certificate may reference a statement indicating that the claims of negligence are "based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard . . . ." Pa.R.Civ.P. 1042.3(a)(1). A plaintiff may also certify that expert testimony is unnecessary. Pa.R.Civ.P. 1042.3(a)(3).

court's decision to deny a petition to open or strike judgment of *non pros* where *pro se* plaintiff had not filed both a certificate of merit and a supportive written statement).[9]

In this case, Appellant offered three written statements that purportedly satisfied the requirements of Rule 1042.3. We examine each in turn.

Accompanying his first certificate of merit, Appellant attached a brief note from Thompson, who simply requested more information. Certificate of Merit, 11/8/22, Ex. A (stating, "I have no idea what you are asking for . . . . Please provide more clarity and a detailed explanation of what you want in the statement[.]") (Thompson statement). Clearly, the statement from Thompson is deficient in that it offers no evaluation of the care Appellant received, and, therefore, does not substantially comply with the requirements of Rule 1042.3. *Cf. Bisher*, 265 A.3d at 413-15.

Appellant filed a second certificate of merit as to Chica Alvarez several months later. *See* Certificate of Merit, 5/4/23. However, Appellant did not attach a written statement from an appropriate licensed professional. Rather, Appellant included a note he addressed to the Somerset County Prothonotary, which indicated that he had requested a written statement from Ms. Alvarez, but "Defendant Chica Alvere [sic] refuse[d] to give a written statement." *Id.*, Attachment.[10] This statement is also deficient: it is not from a licensed professional and it does not suggest a reasonable probability that the defendant breached the appropriate standard of care. *See* Pa.R.Civ.P. 1042.3(a); *cf. Bisher*, 265 A.3d at 413-15.

---

[9] We may cite as persuasive unpublished decisions of this Court filed after January 15, 2008, and unreported decisions of the Superior Court filed after May 1, 2019. Pa.R.A.P. 126(b).

[10] Ms. Alvarez is not a named defendant, but Appellant alleges that he had explained to her that "this depression is disrupting everything . . . [but] [s]he just told me she couldn't help me, but good luck." Compl., ¶ 15.

8

Thereafter, in response to the trial court's order issued on August 15, 2024, directing Appellant to file an adequate Rule 1042.3 statement within 60 days, Appellant timely filed a letter received from Dr. Elicia Stein, who is a Regional Licensed Psychologist Manager with the Pennsylvania Department of Corrections. *See* Appellant's Statement, 9/9/24, Attachment (Stein Letter). Upon review, Dr. Stein's letter suffers from similar defects as the prior two statements and quite clearly fails to substantially comply with Rule 1042.3. Dr. Stein acknowledged that Appellant was concerned that he was not receiving proper mental health treatment, but she did not criticize the care Appellant had received, nor did she offer any suggestion that this care had caused Appellant harm. *See id.* at 1. Instead, Dr. Stein merely indicated that she had reviewed Appellant's records, concluded that he did not meet the criteria for RTU placement, and recommended strategies to improve his treatment's effectiveness.[11] *See id.*

For these reasons, we discern no error in the trial court's conclusion that Appellant did not satisfy the requirements of Rule 1042.3. *See* Pa.R.Civ.P. 1042.3. Simply, Appellant did not file a written statement asserting a reasonable probability that a defendant breached the appropriate standard of care and that the breach was a cause in bringing about the alleged harm. *See Bisher*, 265 A.3d at 413-15.

Additionally, we echo the trial court's observation that Appellant seemingly misunderstood the requirement that he secure a written statement from an

---

[11] For example, Dr. Stein advised Appellant that he could "request to meet with psychology staff at additional times if [he] fe[lt] that [he] need[ed] more support." Stein Letter at 1. Dr. Stein also encouraged Appellant to become more involved in his therapy sessions, noting that "[t]herapy is most effective when an individual actively participates and engages in sessions." *Id.* Finally, Dr. Stein suggested that Appellant take advantage of group sessions available at SCI-Somerset. *See id.*

appropriate licensed professional who provides an expert opinion critical of the care received. *See* Trial Ct. Mem. & Order at 2. Appellant's repeated attempts to secure statements from named defendants, or those closely aligned with those defendants' interests, were destined to fail. A statement from any of these individuals that substantially complied with the requirements of Rule 1042.3 would require that individual to essentially admit liability. Although we have found no case on point, it is clear that the Rules governing professional liability contemplate independent expert review rather than self-incrimination. *See generally, e.g.*, *Bisher* (considering whether an independent expert was an appropriate licensed professional and whether that independent expert had provided an adequate written statement regarding defendants' allegedly negligent care).

Finally, we consider whether the trial court properly dismissed Appellant's complaint with prejudice. *See* Appellant's Br. at 6. According to Appellant, proper resolution of a "*non pros* petition . . . is a dismissal without prejudice." *Id.* (italics added). Although we disagree with the remedy proposed by Appellant, *i.e.*, dismissal without prejudice, we agree with Appellant that the trial court erred in dismissing his complaint.

The Pennsylvania Rules of Civil Procedure provide a clear framework for adjudicating professional liability actions. *See generally* Pa.R.Civ.P. 1042.1-1042.12. If a *pro se* plaintiff fails to submit an adequate written statement from an appropriate licensed professional in support of his certificate of merit, the Rules prescribe a sequence of steps a defendant must follow to obtain relief. *See* Pa.R.Civ.P. 1042.11, 1042.12. The defendant must first file written notice of intent to enter judgment of *non pros*. Pa.R.Civ.P. 1042.11(a). This notice of intent is required regardless of whether the trial court has previously granted the *pro se*

10

plaintiff an extension. *See id.*; *cf.* Pa.R.Civ.P. 1042.6(b)(1) (providing that, if plaintiff has counsel, judgment of *non pros* may be entered without notice).

Thereafter, on the defendant's praecipe, and subject to several qualifications, the prothonotary shall enter judgment of *non pros*. *See* Pa.R.Civ.P. 1042.7(a). The prothonotary may not enter judgment of *non pros* if the plaintiff has filed a written statement. Pa.R.Civ.P. 1042.12(a)(1). The praecipe may not be filed less than 30 days after the date defendant filed the notice of intent. Pa.R.Civ.P. 1042.12(a)(2). And, the defendant must attach to the praecipe a certificate of service documenting that the defendant has served notice of the intent to enter judgment of *non pros*. Pa.R.Civ.P. 1042.12(a)(3).

Thus, the Rules provide for the entry of judgment of *non pros*. Importantly, this is a procedural remedy for failure to diligently prosecute a claim and is not an adjudication on the merits. *See Womer*, 908 A.2d at 279 (recognizing that judgment of *non pros* is not a final adjudication and that a plaintiff may seek equitable relief under Pa.R.Civ.P. 3051); *Mun. of Monroeville v. Liberatore*, 736 A.2d 31, 34 (Pa. Cmwlth. 1999) (concluding that a dismissal for failure to prosecute a claim is not intended to be *res judicata*).[12] Absent from these Rules is any provision that the trial court may dismiss *sua sponte* a complaint with prejudice. *See generally* Pa.R.Civ.P. 1042.1-1042.12.

Further, we have found no appellate precedent that would support a *sua sponte* dismissal with prejudice under the circumstances present in this case. We

---

[12] The procedure to obtain relief from judgment of *non pros* is set forth in Rule 3051, which requires a plaintiff to file a petition to strike off the judgment or to open it. *See* Pa.R.Civ.P. 3051; *see, e.g.*, *Womer*, 908 A.2d at 275-80 (evaluating whether a plaintiff was entitled to relief from judgment of *non pros* entered against him due to his failure to file a certificate of merit as required by Pa.R.Civ.P. 1042.3(a)); *see also, e.g.*, *Reaves*, 979 A.2d at 413-15 (affirming a trial court's decision to deny a petition to open judgment of *non pros* because the plaintiff had not provided a certificate of merit supported by an appropriate licensed professional).

11

acknowledge that Appellees have directed this Court's attention to *McCool v. Dep't of Corr.*, 984 A.2d 565 (Pa. Cmwlth. 2009), but their reliance on that case is misplaced. *See* Appellees' Br. at 14. In *McCool*, this Court considered the preclusive effect of a plaintiff's certification that no expert testimony was needed to state his claim. 984 A.2d at 571-72; *see* Pa.R.Civ.P. 1042.3(a)(3), *Note* (absent "exceptional circumstances," a certification under subdivision (a)(3) is binding). Upon concluding that this was clearly erroneous because the plaintiff's injuries included "complex and little known diseases," the *McCool* Court agreed with the trial court's decision to dismiss the plaintiff's claim as frivolous under the Prison Litigation Reform Act (PLRA), 42 Pa.C.S. §§ 6601-6608. 984 A.2d at 571-72.

Here, the circumstances are quite different. Unlike the plaintiff in *McCool*, Appellant has acknowledged the need for expert testimony. Further, subsection (a)(1) does not provide a similar note that the plaintiff's certification is binding. Rather, this subsection clearly affords the plaintiff flexibility in that there is no requirement that the "'appropriate licensed professional' who supplies the necessary written statement in support of the certificate of merit . . . be the same person who will actually testify at trial." Pa.R.Civ.P. 1042.3(a)(1), *Note*. For these reasons, we discern no similar, preclusive effect in Appellant's flawed attempts to secure a written statement in support of his certificate of merit, and *McCool* does not support the trial court's decision to dismiss Appellant's complaint as frivolous.

Appellees' passing reference to this Court's decision in *Richardson v. Thomas*, 964 A.2d 61 (Pa. Cmwlth. 2009), is also flawed. *See* Appellees' Br. at 15. *Richardson* did not concern a plaintiff's compliance with the procedural rules for litigating a professional liability claim, but whether *prior* cases initiated by the plaintiff but dismissed should count as "strikes" under the PLRA. 964 A.2d at 63-

12

66. In one of those prior cases, it appears that a trial court had dismissed the complaint as frivolous under the PLRA for failure to file a certificate of merit, but the *Richardson* Court did not identify a specific subsection of Rule 1042.3, *see id.* at 65-66, and did not consider the merits of that prior case, *see id.* at 66 n.6 (noting that the plaintiff had never appealed the trial court's dismissal).

In this case, the trial court implicitly viewed Appellant's motion for summary judgment as a request for an extension of time to secure an appropriately supportive written statement. *See generally* Trial Ct. Mem. & Order at 2-3. Accordingly, the trial court directed Appellant to produce an appropriate statement within 60 days. *Id.* at 3. We discern no trial court error in granting this extension. *See* Pa.R.Civ.P. 1042.3(d); *Bisher*, 265 A.3d at 413 (invoking Pa.R.Civ.P. 126, which permits a court to disregard procedural defects that do not affect the substantial rights of parties).

Further, we recognize the trial court's efforts to resolve this litigation efficiently, and we remain mindful that Rule 126 provides a court with flexibility to address procedural defects. However, the nature of relief granted by the trial court to Appellees is fundamentally different than the relief contemplated by the relevant Rules. Upon the expiration of this extension, without an appropriate response from Appellant (either by filing an appropriate supportive written statement or a timely request for an additional extension), the next steps should have been taken by Appellees, first providing Appellant notice of their intent to praecipe for judgment of *non pros*, and then filing a praecipe with the Prothonotary as set forth above. Thus, we conclude the trial court erred. *See Womer*, 908 A.2d at 279; Pa.R.Civ.P. 126; 1042.11, 1042.12; *see generally Reaves*; *Lloyd*.

## IV. CONCLUSION

For the reasons stated, the trial court properly struck the default judgment entered against Appellees. *See Reaves*, 979 A.2d at 410; 42 Pa.C.S. § 8523. Additionally, we agree with the trial court that Appellant has not filed written statements that support his certificates of merit and, therefore, did not comply with Rule 1042.3 and is subject to judgment of *non pros*. *See* Pa.R.Civ.P. 1042.3; *cf. Bisher*. However, the trial court erred in dismissing Appellant's complaint with prejudice. *See Womer*, 908 A.2d at 279; Pa.R.Civ.P. 1042.11, 1042.12. Accordingly, we affirm in part, reverse in part, vacate the trial court's order, and remand for further proceedings consistent with this opinion.

---

**LORI A. DUMAS, Judge**

14

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian E. Griffin,                               :
                    Appellant                   :
                                                :   No. 85 C.D. 2025
              v.                                :
                                                :
M. Thompson and Prison Medical                  :
Department                                      :

# **O R D E R**

AND NOW, this 26th day of June, 2026, the order issued by the Court of Common Pleas of Somerset County on October 16, 2024, dismissing Appellant's complaint with prejudice, is AFFIRMED in part, REVERSED in part, and VACATED. This matter is REMANDED for further proceedings consistent with this opinion.

Jurisdiction relinquished.

_____
**LORI A. DUMAS, Judge**
